38308. MATHIS v. THE STATE.

MARSHALL, Justice.

The defendant was indicted on two counts of murder, two counts of kidnapping, two counts of armed robbery and one count of rape. He was convicted on all counts except the rape charge. The jury returned a verdict at the sentencing phase finding three aggravating circumstances: that each murder was committed during the commission of armed robbery; that each was committed during the commission of kidnapping; and that the murders were outrageously and wantonly vile, etc. Defendant was sentenced to death on each of the murder convictions, life on each of the kidnapping convictions and 20 years each on the armed-robbery convictions.

The victims were an elderly couple who lived in the same housing authority complex in which the defendant's sister lived. The defendant had Thanksgiving dinner with his sister. After dinner, the sister left the room for a short time and when she returned the defendant was gone, whereupon she looked out of the window and saw him in the rear seat of the victims' car as it drove out of the complex. The victims intended to have a late Thanksgiving dinner with one of their children, which was in the same direction as the defendant's home. When the victims were found in a wooded area, it was in the opposite direction from their intended route. The defendant was identified as having solicited a ride at a beer store

about a mile from where the victims were found. The male victim's knife and pistol were recovered and identified as having been acquired from the defendant. Further facts will be related where necessary to an understanding of the enumeration of error.

1. Enumerations of error 1, 2 and 6 contend that the trial court erred in denying the defendant's motion for individual sequestered voir dire, sequestered voir dire by panels and by requiring general questions to be asked to the entire panel rather than repeating the same question to each individual juror.

" 'Code Ann. § 59-705 gives defense counsel the right to examine jurors individually after the usual voir dire questions have been put by the trial court to the jury as a panel. The right does not encompass isolated examination. The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.' *Whitlock v. State,* 230 Ga. 700, 705 (198 SE2d 865) (1973). See also, *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978)." *Messer v. State,* 247 Ga. 316 (5) (276 SE2d 15) (1981).

In this case, the individual voir dire by the defendant's counsel covers some 200 pages in the transcript. We can not say that he was unduly restrained in his individual questioning of the jurors nor has he shown any prejudice resulting from the procedure used here or abuse of discretion. *Whitlock v. State,* supra.

2. Enumeration of error 3 contends that the trial court erred in denying the defendant's motion to swear and sequester all state's witnesses prior to the beginning of the trial.

Code § 38-1703 provides: "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude the witness." Thus we see that the rule provides only that witnesses be examined out of the hearing of each other, and there is no requirement that prospective witnesses remain free of other contact or communications. In a trial that is expected to last several days, it would not be "practicable and convenient" to require all witnesses to be sworn and sequestered for a long period of time, as juries are segregated from all outside influences. See *Byrd v. Brand,* 140 Ga. App. 135 (4) (230 SE2d 113) (1976).

There is no contention here that any witness violated the rule of sequestration nor is there any contention that the defendant was harmed by the ruling of the trial court. We find no merit in this

enumeration.

3. Enumerations 4 and 5 contend that the trial court erred in allowing the sheriff to remain in the courtroom after the rule of sequestration had been invoked, and thereafter not requiring him to testify first.

Absent a showing of an abuse of discretion, it is not error to allow the chief investigating officer to remain in the courtroom or to not require him to testify first. *Davis v. State,* 242 Ga. 901 (3) (252 SE2d 443) (1979).

4. Enumeration of error 7 contends that the trial court erred in disqualifying a juror under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968). The panel was asked: "Are you conscientiously opposed to the infliction of capital punishment? Are you so opposed to capital punishment that you would vote against the death penalty regardless of the facts and circumstances that might emerge in the course of these proceedings? Juror: Yes, Sir. The court: Would you vote against it regardless of what the facts and circumstances are? Juror: Yes, Sir."

The prospective juror was clearly disqualified, and the trial court did not err in excusing him. See *Ruffin v. State,* 243 Ga. 95 (3) (252 SE2d 472) (1979), and compare *Blankenship v. State,* 247 Ga. 590 (4) (277 SE2d 505) (1981), where the answers were ambiguous.

5. Enumerations of error 8 and 9 contend that it was error to deny the defendant's motions for directed verdict as to the kidnapping charges and the armed-robbery charges. There was evidence presented that the defendant was in the car with the victims when they left the premises where they lived; that they were seen preparing to turn left onto the highway leading to their daughter's home; and that the victims and their car were found in the opposite direction from where they were last seen and from their intended route. There was also evidence that the defendant sold property belonging to the male victim. Additionally, there was the defendant's admission to a fellow cellmate admitting these offenses. The evidence being sufficient to submit these issues to a jury, there is no merit in these contentions. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Enumeration of error 10 objects to the trial court's charge on alibi. The defendant testified that the victims let him out of the car at the C & R Grocery Store and that he stayed there about an hour and a half before he got a ride home. This would raise an issue of the defendant's presence at the scene of the crime. Also, the charge was favorable to the defendant, and he can not now complain. *Hance v. State,* 245 Ga. 856 (4) (268 SE2d 339) (1980).

7. Enumeration of error 11 complains of the charge on con-

fessions. The defendant argues that, at most, his statement to the interrogating officer would be considered as contradictory or incriminating.

The defendant made statements to Sammy Owensby, a cellmate, admitting both killings and the rape of the female victim. The statements did not contain anything exculpatory, and it is not necessary that the inculpatory statements be made to a law enforcement officer to warrant a charge on confessions. *Johnson v. State,* 242 Ga. 822 (1) (251 SE2d 563) (1979); *Bonds v. State,* 232 Ga. 694 (3) (208 SE2d 561) (1974). There is no merit in this contention.

8. Enumeration of error 12 complains of the charge on robbery by intimidation. Robbery by intimidation being a lesser included offense of armed robbery, and absent an objection, it is not error to charge a lesser included offense. *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973). In the present case, when asked if there was any objection to charging on robbery by intimidation, counsel stated: "I am not either excepting to or requesting such a charge. The court asked me if I felt it was in the case and I do not under the evidence, but it's up to the court to make that determination about the charge." After the jury was charged, counsel was again asked if he had any objection to this charge, and he replied, "No." We find no merit in this enumeration of error. See *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980).

9. Enumerations of error 22 and 23 contend that the trial court erred in overruling the defendant's motion for new trial and in entering judgment on the verdict. We have reviewed the evidence, and find that it amply supports the verdict beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, supra. There is no merit in these enumerations of error. Enumerations of error 13 through 21 — complaining of admitting former convictions, allowing the sheriff to testify, and the charge on aggravating circumstance, all of the sentencing phase of the trial — will be dealt with in the sentence review.

### Sentence Review

As mandated by the statute, Georgia Law 1973, pp. 159, 165 (Code Ann. § 27-2537), we have reviewed the transcript and record in this case as we have in all prior cases under this statute. We find that the sentence of death was not imposed under the influence of passion, prejudice, or any other arbitrary factor.

10. In his enumerations 13-16, the appellant contends that it was error for the trial court to admit over objection prior convictions of the appellant in aggravation during the sentencing phase of the trial. He argues that: Even though the prior convictions were

correctly certified and showed upon their face that the defendant therein was represented by counsel, each case was a plea of guilty, and the state did not prove as to each case that the defendant knowingly and intelligently entered his plea of guilty. We do not agree. The convictions were properly certified, and showed upon their face that counsel represented the appellant at the prior cases and therefore they were properly introduced in evidence before the court. See Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374). We decline to place the burden upon the state to go behind each plea of guilty, regular upon its face, where counsel for appellant is listed, and prove the voluntariness of the plea. No evidence was entered by the appellant that these pleas were involuntarily tendered, and he makes no argument other than the contention that they were involuntary. There is no merit in this enumeration.

11. During the sentencing phase of the trial, the sheriff testified over objection as to his investigation of a 1970 crime involving the appellant. The appellant in his seventeenth enumeration of error argues that the trial court erred in admitting this testimony in that the evidence of the 1970 conviction was improperly before the court. Having already held that the convictions were properly before the court, we find no merit in this enumeration. *Fair v. State,* 245 Ga. 868 (268 SE2d 316) (1980).

12. The jury found the following aggravating circumstances beyond a reasonable doubt: (1) as to the murder of J. L. Washington, (a) the murder of J. L. Washington was committed while the defendant was engaged in the commission of another capital felony, to wit, the armed robbery of J. L. Washington, (b) the murder of J. L. Washington was committed while the defendant was engaged in the commission of another capital felony, to wit, kidnapping with bodily injury of J. L. Washington (Code Ann. § 27-2534.1 (b) (2)); (c) the murder of J. L. Washington was outrageously and wantonly vile, horrible, and inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim, J. L. Washington. Code Ann. § 27-2534.1 (b) (7); (2) as to the murder of Ruby Washington: (a) the murder of Ruby Washington was committed while the defendant was engaged in the commission of another capital felony, to wit, armed robbery of Ruby Washington; (b) the murder of Ruby Washington was committed while the defendant was engaged in the commission of another capital felony, to wit, the kidnapping with bodily injury of Ruby Washington (Code Ann. § 27-2534.1 (b) (2)); and (c) the murder of Ruby Washington was outrageously and wantonly vile, horrible, and inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim, Ruby Washington.

The appellant, in enumerations of error numbers 18, 19, 20 and

21, argues that the trial court erred in submitting to the jury certain of the aggravating circumstances and that the state had not proven during the trial of the case these aggravating circumstances.

As to the murder of J. L. Washington, this court finds that the jury determination that the murder was committed while in the commission of an armed robbery and kidnapping with bodily injury was supported by the evidence, and a trier of fact could have found, taking the evidence most favorable to the verdict, these aggravating circumstances beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, supra.

As to the murder of Ruby Washington, this court finds that under the evidence a trier of fact could have found beyond a reasonable doubt, taking the evidence in a light most favorable to the verdict, that the murder was committed while the defendant was engaged in another capital felony, to wit, the kidnapping with bodily injury of Ruby Washington, and that the murder of Ruby Washington was outrageously and wantonly vile, horrible, and inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim, Ruby Washington.

In that the sentence of death in this case imposed for the murder of Ruby Washington rests partially upon a finding of the aggravating circumstance set forth in Code Ann. § 27-2534.1 (b) (7), the evidence in this case revealed that the victim, Ruby Washington, was found in a state of partial nudity in that the underwear was pulled down towards the feet and the sweater and brassiere had been pulled upwards so that the lower half of the left breast was exposed. Vegetable debris consisting of leaves and pine straw were found in her clothing. The victim had suffered two gunshot wounds to the head, four small stab wounds to the left chest centered roughly 18 inches below the top of the head in the fold underneath the left breast. The left hand revealed a gunshot wound to the thumb, there were abrasions found under the knee, and there were three lacerations to the scalp indicating having been struck with a blunt instrument. Five ribs on either side of the sternum had been fractured and three of the four stab wounds had penetrated the heart. The cause of death was a combination of gunshot wounds to the head and stab wounds to the chest, and the victim had been stabbed before she was shot.

The state's evidence clearly demonstrates that the victim, Ruby Washington, suffered serious physical abuse prior to death. We therefore hold that, in the present case, the jury was authorized to find consistently with the United States Supreme Court's holding in Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980), and beyond a reasonable doubt, that the appellant's murder of Ruby

Washington was outrageously or wantonly vile, horrible, or inhuman, in that it involved torture and depravity of mind. "Torture," as the term is used in the statute, occurs when the victim is subjected to serious physical abuse prior to death. The victim in this case had been stabbed several times about the chest underneath her breast, and then shot, all occurring after the defendant had shot and robbed her husband in her presence. *Hance v. State,* supra.

This court agrees with appellant that there was insufficient evidence to show that the appellant committed the murder of Ruby Washington while engaged in the armed robbery of Ruby Washington, and further, while not enumerated as error, this court finds that the evidence does not support a finding of Code Ann. § 27-2534.1 (b) (7) as to the murder of J. L. Washington. However, we need not decide whether the death penalties imposed in this case must be set aside on these grounds. Where two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance does not taint the proceeding so as to invalidate the other aggravating circumstances found in the sentence of death based thereon. *Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981); *Green v. State,* 246 Ga. 598 (272 SE2d 475) (1980); *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979).

13. Under our obligation to independently review the record as mandated by the Unified Appeal Procedure, this court has found one addressable error not dealt with above or set out in the appellant's enumerations of error. The state alleged as its aggravating circumstances as to the death of both victims that the murders occurred while the appellant was engaged in another capital felony, to wit, kidnapping with bodily injury. The trial court, during the guilt-innocence phase of the trial, charged the jury as to the definition of simple kidnapping, which is not a capital felony. The appellant was found guilty beyond a reasonable doubt of simple kidnapping. However, during the sentencing phase of the trial, the court did not repeat the instruction as to simple kidnapping. The jury returned a finding of Code Ann. § 27-2534.1 (b) (2), as set out above. While this is not good practice, we find it not to be reversible error. The jury had been correctly charged, and found that the defendant had committed the murders while engaged in kidnapping both victims. Therefore, we must assume, and the record supports the view, that the jury knew the definition of simple kidnapping. Code Ann. § 26-1311 defines capital kidnapping as simple kidnapping where the person kidnapped "shall have received bodily injury." Therefore, by charging the jury the aggravating circumstance of kidnapping with bodily injury, the court, for all intents and purposes, gave a proper charge as to kidnapping with bodily injury. Furthermore, the

evidence supports beyond a reasonable doubt that the victims were killed while the appellant was engaged in the capital offense of kidnapping with bodily injury.

14. We find that the evidence supports beyond a reasonable doubt a finding that the appellant intentionally killed the victims. Jackson v. Virginia, supra.

15. We have reviewed the instructions given by the court during the sentencing phase of the trial and find them not to be subject to the defects dealt with in *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977), or in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed. We find that the similar following cases listed in the appendix support the affirmance of the death penalty.

This was a brutal killing of two victims, one of whom was robbed. Both victims were kidnapped and received bodily injury. The 11 cases in which the death penalty was imposed support the death penalty in the instant case. All of these cases involve the deliberate, unprovoked killing of a robbery and/or kidnap victim, and thus show the willingness of the juries to give the death penalty under these circumstances. The appellant's sentence to death for murder in two counts is not excessive or disproportionate to the penalty imposed in similar cases considering the crime and the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1982 —
REHEARING DENIED JUNE 2, 1982.

*John L. Coney,* for appellant.

*W. A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.

APPENDIX.

*Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978); *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978); *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Tucker v. State,* 245 Ga. 68 (263 SE2d 109) (1980); *Justus v. State,* 247 Ga. 276 (276 SE2d 242) (1981); *High v. State,* 247 Ga. 289 (276 SE2d 5) (1981); *Brown v. State,* 247 Ga. 298

(275 SE2d 52) (1981); *Cervi v. State,* 248 Ga. 325 (282 SE2d 629) (1981).