680 F.2d 1338
 1982-2 Trade Cases 64,853
 In re YARN PROCESSING PATENT VALIDITY LITIGATION.
LEX TEX LTD., INC., Plaintiff-Appellant,
v.
UNIFI, INC., Defendant-Appellee,
v.
LEESONA CORPORATION, Third-Party Defendant-Appellee.
In re YARN PROCESSING PATENT VALIDITY LITIGATION.
LEX TEX LTD., INC., Plaintiff-Appellant,
v.
BURLINGTON INDUSTRIES, INC., Defendant,
LEX TEX LTD., INC., Third Party Plaintiff-Appellant,
v.
LEESONA CORPORATION, Third Party Defendant-Appellee.
 Nos. 78-1534, 78-1905.
 United States Court of Appeals,
Eleventh Circuit.
 July 22, 1982.
 
 Smather & Thompson, Hugh J. Turner, Jr., Miami, Fla., for Lex Tex.
 Fowler, White, Burnett, Hurley, Banick & Knight, A. Blackwell Stieglitz, Miami, Fla., David Rabin, Greensboro, N. C., for Unifi, Inc.
 Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., Helms, Mulliss & Johnston, Charlotte, N. C., Herrick & Smith, Philip G. Koenig, Stephen E. Neel, Boston, Mass., for Leesona Corp.
 William K. West, Jr., Washington, D. C., for Burlington Industries.
 Appeals from the United States District Court for the Southern District of Florida.
 Before VANCE, HATCHETT and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lex Tex Ltd., Inc. ("Lex Tex") brings these consolidated appeals from the dismissals of its third-party complaints against Leesona Corporation ("Leesona"). Lex Tex filed separate patent infringement actions against Unifi, Inc. ("Unifi") and Burlington Industries, Inc. ("Burlington"). Both Unifi and Burlington responded by filing counterclaims against Lex Tex for alleged violations of the antitrust laws. Lex Tex then filed third-party complaints against Leesona in each case, seeking contribution or indemnity with respect to the antitrust counterclaims. In separate opinions, the district court dismissed the third-party complaints with prejudice and entered judgments accordingly. In each case, however, the district court did not make an express determination that there is no just reason for delay in accordance with Fed.R.Civ.P. 54(b).
 
 
 2
 Neither party has raised the issue of jurisdiction in this case. However, this court must consider sua sponte[1] whether it has jurisdiction to entertain the appeal presented before it can consider the merits of the appeal. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976); B. B. Adams General Contractors, Inc. v. Department of Housing & Urban Development, 501 F.2d 176, 177 (5th Cir. 1974).[2] Upon an examination of the record before us, we conclude that we have no jurisdiction over these appeals.
 
 
 3
 Fed.R.Civ.P. 54(b) governs the procedure by which district courts may enter final judgments with respect to fewer than all claims or parties in cases involving multiple claims or parties. In order to enter final judgment under Rule 54(b), the district court must make an express determination that there is no just reason for delay and must make an express direction for the entry of judgment. Absent these two actions, any order adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties in a suit is not a final judgment under 28 U.S.C.A. § 1291 (West 1966) regardless of how that order is styled. See McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981). Compliance with Rule 54(b) is necessary to ensure that the district court fulfills its role as a "dispatcher" of appealable orders, exercising its discretion in determining, according to the interest of sound judicial administration, the appropriate time for appeal of orders in multi-party or multi-claim actions. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). See Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co., 642 F.2d 1065, 1074 (7th Cir. 1981).
 
 
 4
 In the cases at bar, the district court entered judgments dismissing Lex Tex's third-party complaints against Leesona, but failed in each case to make any determination that there existed no just reason for delay in allowing appeals to be taken from the dismissal orders. Although the district court is not required, in every case, to express its reasons for concluding that there is no just reason for delay, Rothenberg v. Security Management Co., 617 F.2d 1149, 1150 (5th Cir.), cert. denied, 449 U.S. 954, 101 S.Ct. 360, 66 L.Ed.2d 218 (1980), the district court must exercise its discretion and enter a Rule 54(b) certification determining that there is no just reason for delay and directing entry of judgment before an appeal may be taken. Because the district court did not so exercise its discretion under Rule 54(b), the orders dismissing the third-party complaints are not appealable final judgments. Finding no other basis upon which we may exercise jurisdiction, we must dismiss these appeals for want of jurisdiction.
 
 
 5
 The parties are, of course, free to seek new judgments with proper Rule 54(b) certification. In accordance with the procedure utilized by the former Fifth Circuit in General Motors Corp. v. Dade Bonded Warehouse, Inc., 498 F.2d 327 (5th Cir. 1974), on subsequent appeal, 505 F.2d 1305 (5th Cir. 1975), should the district court enter final judgments under Rule 54(b), the parties may, after filing new notices of appeal, request that the appeals from those judgments be submitted on the records and briefs prepared in these actions, supplemented with the new judgments and Rule 54(b) certificates, and on the oral argument previously heard before this panel.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 Although the court has raised the jurisdictional question on its own motion, the parties have been given the opportunity to file supplemental briefs on this issue
 
 
 [2]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209