William Alvin SMITH, Petitioner–Appellee, Cross–Appellant,

v.

Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent–Appellant, Cross–Appellee.

No. 87–8741.

United States Court of Appeals, Eleventh Circuit.

June 13, 1988.

---

Michael J. Bowers, Atty. Gen. of Ga., William B. Hill, Jr., Sr. and Dennis R. Dunn, Asst. Attys. Gen. of Ga., Atlanta, Ga., for respondent-appellant, cross-appellee.

J. Robert Daniel, Macon, Ga., Stephen H. Glickman, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., Stephen B. Bright, Atlanta, Ga., for petitioner-appellee, cross-appellant.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

William Alvin Smith, a Georgia prisoner, was convicted of malice murder and armed robbery and was sentenced to death for the offense of murder. After unsuccessfully pursuing his appeal[1] and post-conviction remedies[2] in the Georgia state courts, Smith filed a petition for habeas corpus in the United States District Court for the Middle District of Georgia. Smith's petition alleged numerous grounds for relief from his convictions and his sentence, including, *inter alia*, the introduction of a post-arrest statement obtained in violation of the fourth, fifth, sixth, and fourteenth amendments; ineffective assistance of counsel at the guilt/innocence and sentencing phases of his trial; denial of an impartial jury by the improper exclusion of a juror with "mixed emotions" about the death penalty; and denial of an impartial jury because of juror acquaintance with the victim.

In a memorandum opinion, the district court addressed Smith's claim that the admission of his confession violated *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because Smith had not knowingly and intelligently waived the rights articulated in that case. The district court held that Smith had not validly waived his *Miranda* rights. The court further concluded that the introduction of Smith's statement was harmless error as to his convictions but was not harmless as to his sentence of death. Accordingly, the district court granted the writ of habeas

---

1. *Smith v. State,* 249 Ga. 228, 290 S.E.2d 43, cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).

2. *Smith v. Francis,* 253 Ga. 782, 325 S.E.2d 362, cert. denied, 474 U.S. 925, 106 S.Ct. 260, 88 L.Ed.2d 266 (1985).

corpus as to the sentence of death subject to the state conducting a new sentencing proceeding. 664 F.Supp. 500.

The district court did not address any of Smith's other claims for relief, although several claims challenging the convictions and sentence remained unabandoned. The state filed a motion styled "Motion to Alter and Amend Judgment," requesting that the district court reach Smith's remaining claims. The district court denied the state's motion, stating that "judicial economy will be better served by withholding a decision on Petitioner's other claims until such time when a decision may be necessary." The state then filed a notice of appeal from the district court's order granting the writ of habeas corpus. Smith cross-appealed from the district court's conclusion that the introduction of Smith's statement was harmless error as to his convictions.

■ The district court's order was not a final judgment from which the parties could appeal as of right under 28 U.S.C. § 1291. Under Fed.R.Civ.P. 54(b), "[w]hen more than one claim for relief is present in an action, ... the [district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Here, however, the district court did not expressly determine that there was no just reason for delay and did not expressly direct the entry of judgment. "Absent these two actions, any order adjudicating fewer than all the claims or the rights and liabilities of fewer than all parties in a suit is not a final judgment...." *In re Yarn Processing Patent Validity Litigation,* 680 F.2d 1338, 1339 (11th Cir. 1982) (per curiam).

■ The state suggests that we may have jurisdiction under *Blake v. Kemp,* 758 F.2d 523 (11th Cir.), *cert. denied,* 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985), and *Wilson v. Kemp,* 777 F.2d 621 (11th Cir.1985), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986). In those cases, both involving the death penalty,

this court held that the state could appeal a district court order granting the writ of habeas corpus, even though the district court had not addressed all the claims raised by the petitioner, because the district court's order "gave the petitioner all he could hope to achieve by the litigation." *Blake,* 758 F.2d at 525. In *Blake,* for example, the petitioner prevailed in the district court on his claim that he had been deprived of a fundamentally fair trial at the guilt phase by the state's failure to provide his taped confession to a court-appointed psychiatrist. *Id.* at 532. Blake also prevailed in the district court on his claim of ineffective assistance of counsel at sentencing. *Id.* at 535. In *Wilson,* the petitioner prevailed in the district court on his claim that the prosecutor's closing argument had rendered his sentencing hearing fundamentally unfair. 777 F.2d at 627–28. Although the district court did not reach Wilson's other challenges to his sentence, the district court did address, and reject, all of Wilson's challenges to his conviction. *Id.* at 622. By denying the writ as to his conviction and granting the writ as to his sentence of death, the district court granted Wilson "all he could hope to achieve by the litigation."

In this case, Smith has not obtained all he could hope to achieve. Although the district court granted Smith relief from his sentence of death, Smith has outstanding numerous claims for relief from his convictions which the district court has neither accepted nor rejected. The *Blake/Wilson* rule does not apply, therefore, to provide us with jurisdiction. Nor did the district court exercise its discretion under Rule 54(b) to determine that there is no just reason for delay and to direct the entry of judgment. "Finding no other basis upon which we may exercise jurisdiction, we must dismiss these appeals for lack of jurisdiction." *In re Yarn Processing Patent Validity Litigation,* 680 F.2d at 1340.

The parties remain free, however, to request the district court to make the proper Rule 54(b) certification and to direct the entry of final judgment as to Smith's *Miranda* claim. In accordance with the pro-

cedure adopted in *In re Yarn Processing Patent Validity Litigation,* 680 F.2d at 1340, should the district court enter final judgment under Rule 54(b), the parties may, *after filing new notices of appeal,* request that the appeals be submitted on the record and briefs prepared in this action (supplemented with the new judgment and Rule 54(b) certificate) and on the oral argument previously heard before this panel.

Accordingly, the appeal and cross-appeal are DISMISSED.