**James MATHIS, Petitioner,**

v.

**Walter ZANT, Warden, Georgia Diagnostic and Classification Center, Respondent.**

**Civ. A. No. 1:87–CV–2355–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 15, 1989.

Dennis R. Dunn, Atlanta, Ga., for respondent.

Michael R. Hauptman, Atlanta, Ga., for petitioner.

## ORDER

SHOOB, District Judge.

Presently before the Court are the following motions by respondent: a motion to alter and amend the Court's order filed January 27, 1989, 704 F.Supp. 1062; a motion to stay judgment pursuant to Rule 62(b) of the Federal Rules of Civil Procedure; and a motion for certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The motion to alter and amend will be granted in part and denied in part; the remaining motions will be denied.

The Court's order filed January 27, 1989 relied in part on the Court's previous order filed July 27, 1988. In the earlier order, the Court rejected petitioner's claims based on the guilt phase of his capital trial, but deferred ruling on the petition until it could receive evidence concerning the sentencing phase. The Court intended that the July 27, 1988 order dispose of all claims concerning the guilt phase. Since this may not have been clear to the parties, however, the Court will amend its January 27, 1989 order so that it denies the writ of habeas corpus as to the guilt phase. The motion to alter and amend will be granted for this limited purpose.

The Court previously addressed all the other issues raised by the motion to amend and alter the Court's January 27, 1989 order. Respondent's claim that the Court failed to consider *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987), particularly lacks merit since the Court discussed *Burger* in both the July 27, 1988 and the January 27, 1989 orders. By way of observation the Court notes that the investigation found adequate in *Burger* went far beyond the cursory investigation that the Court found inadequate in the present case. Respondent fails again to present a cogent argument for the adequacy of trial counsel's performance, even under the deferential standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Instead respondent merely reiterates trial counsel's tepid defense of his actions, a series of rationalizations that, while perhaps a sufficient basis for withholding particular mitigating evidence, utterly fails to support trial counsel's decision not to present any mitigating evidence.[1] The Court will not disturb its decision to grant the writ of habeas corpus as to the sentencing phase. Except as noted above, the motion to alter and amend will be denied.

The remaining motions require only brief discussion. A stay pending appeal is not warranted, since no appeal is currently pending. Moreover, the Court cannot issue a stay pending appeal under Rule 62(b). Rule 62(b) provides the Court discretionary authority to issue a stay pending its decision on respondent's Rule

---

1. Respondent distorts the Court's ruling when it claims the Court "heavily relied" upon the affidavit of Dr. Howard Albrecht. The Court stated that Albrecht was one of several experts who found that petitioner functions at or near the level of mental retardation. Likewise, respondent wrongly attributes to the Court the holding that "[m]ental illness is a condition that should militate in favor of a lesser penalty." A more careful review of the Court's order reveals that it is not this Court's holding that respondent finds troublesome but rather that of the United States Supreme Court. *See Zant v. Stephens*, 462 U.S. 862, 885, 103 S.Ct. 2733, 2747, 77 L.Ed. 2d 235 (1983); *California v. Brown*, 479 U.S. 538, 545, 107 S.Ct. 837, 841, 93 L.Ed.2d 934 (1987) (O'Connor, J. concurring); and *Burger*, 483 U.S. at ——, 107 S.Ct. at 3139 (Powell, J. dissenting).

59(e) motion to alter or amend. Since respondent did not request such relief in the present case, the ninety-day period during which a new sentencing hearing may be scheduled remains in effect. Respondent's motion to stay judgment will be denied.

■ Respondent's motion for certification pursuant to Rule 54(b) lacks continuing merit, since the Court's order filed January 27, 1989, as amended by this order, constitutes its final ruling in this case. Respondent had argued that *Smith v. Kemp*, 849 F.2d 481 (11th Cir.1988) (per curiam), requires the Court to expressly direct entry of judgment since its ruling addresses fewer than all of the claims raised by petitioner. As amended, however, the January 27, 1989 order constitutes a final appealable judgment under *Wilson v. Kemp*, 777 F.2d 621 (11th Cir.1985), *cert. denied*, 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986). By denying the writ as to Mathis' conviction and granting the writ as to his sentence of death, the Court granted Mathis "all he could hope to achieve by the litigation." *Blake v. Kemp*, 758 F.2d 523, 525 (11th Cir.), *cert. denied*, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985), *quoted in Smith*, 849 F.2d at 483. Respondent's motion for certification will be denied.

For the foregoing reasons, the Court AMENDS its January 27, 1989 order to reflect the findings of its July 27, 1988 order. The Court DENIES petitioner's writ of habeas corpus as to the guilt phase of his capital trial. The Court GRANTS IN PART and DENIES IN PART respondent's motion to alter and amend its order filed January 27, 1989; the Court DENIES respondent's motion for a stay pursuant to Rule 62(b) of the Federal Rules of Civil Procedure; and the Court DENIES respondent's motion for certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.