James MATHIS, Petitioner–Appellee,
Cross–Appellant,

v.

Walter ZANT, Warden, Georgia Diagnostic and Classification Center,
Respondent–Appellant, Cross–Appellee.

No. 89–8258.

United States Court of Appeals,
Eleventh Circuit.

May 29, 1990.

William B. Hill, Jr., Susan V. Boleyn, Dennis R. Dunn, Office of the Atty. Gen., Atlanta, Ga., for respondent-appellant, cross-appellee.

Michael R. Hauptman, Hauptman & Rothstein, Atlanta, Ga., for petitioner-appellee, cross-appellant.

Before TJOFLAT, Chief Judge, FAY and VANCE *, Circuit Judges.

PER CURIAM:

The respondent, Walter Zant, Warden of the Georgia Diagnostic and Classification Center, appeals the district court's order setting aside two death sentences received by the petitioner, James Mathis, following his conviction on two counts of murder. The district court's order is not an appealable final decision under 28 U.S.C. § 1291 (1982). We therefore lack jurisdiction to entertain this appeal.

* Judge Robert S. Vance was a member of the panel that heard oral argument but due to his death on December 16, 1989 did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

## I.

Petitioner was convicted in Georgia state court of two counts of malice murder, two counts of kidnapping and one count of armed robbery. The jury, which is required to consider both aggravating and mitigating circumstances in determining whether to sentence a defendant to death, found two statutory aggravating circumstances with regard to each murder and recommended that petitioner receive the death penalty for each murder.[1] *See* Ga.Code Ann. § 17–10–30(b)(2), (7) (1982).

On direct appeal to the Georgia Supreme Court, the court affirmed petitioner's convictions. *Mathis v. Georgia*, 249 Ga. 454, 291 S.E.2d 489 (1982), *cert. denied*, 463 U.S. 1214, 103 S.Ct. 3552, 77 L.Ed.2d 1399 (1983). The court invalidated one of the aggravating circumstances that was found in both murders but, nevertheless, affirmed petitioner's death sentences.

Petitioner then filed in state superior court a petition for a writ of habeas corpus. Petitioner presented eleven distinct grounds for relief, some of which challenged his convictions, some of which challenged the death sentences, and some of which challenged both. The state court conducted an evidentiary hearing on one of petitioner's theories—that he had been denied effective assistance of counsel at the guilt and sentencing phases of his trial. The court found all of petitioner's claims to be without merit and denied relief. The Georgia Supreme Court denied petitioner a certificate of probable cause to appeal the superior court's judgment.

Petitioner next filed a petition for a writ of habeas corpus in federal district court, but the court dismissed the petition for failure to exhaust state remedies. The petitioner therefore returned to the state superior court with another habeas petition. The superior court declined to reach the merits of the petition and again denied relief, holding the petition to be successive

1. In Georgia, the jury's recommendation is binding on the trial court, which sentences the defendant. *See* Ga.Code Ann. § 17–10–31 (1982).

and the claims of error procedurally defaulted. The Georgia Supreme Court again denied a certificate of probable cause to appeal.

Petitioner returned to federal district court with his second petition for a writ of habeas corpus on October 28, 1987. In his second visit to federal court, petitioner renewed the same eleven claims raised in his first state habeas petition. In an order issued on July 27, 1988, the district court ruled on the ineffective-assistance challenge. The court held that petitioner had received effective assistance of counsel at the guilt phase of his trial (on all five charges) but had received ineffective assistance at the sentencing phase (on the murder convictions). The court stated, however, that the record did not contain sufficient evidence to prove whether petitioner had been prejudiced by his counsel's errors. Thus, the court ordered petitioner to submit additional documentary evidence to support his contention that he had been prejudiced by his counsel's errors.

In response to the court's directive, petitioner submitted a substantial body of evidence to demonstrate prejudice, and the court then stated that its confidence in petitioner's death sentences had been sufficiently eroded to warrant habeas relief. The court therefore granted the writ with regard to the sentences. 704 F.Supp. 1062. Significantly, the court did not address, in either opinion, any of petitioner's other claims, some of which challenged the constitutionality of his several convictions.

After the court entered judgment requiring the state to provide a new sentencing hearing, respondent moved the court to certify its order as a final judgment under Fed.R.Civ.P. 54(b). The court, however, held that Rule 54(b) certification was unnecessary, stating that its order constituted a "final appealable judgment [because b]y denying the writ as to [petitioner's] conviction and granting the writ as to his sentence of death, the Court granted petitioner 'all he could hope to achieve by the litiga-

tion.'" 708 F.Supp. 339. Respondent now appeals the court's order granting relief with regard to petitioner's sentences.

On appeal, respondent challenges the court's substantive determination that petitioner received ineffective assistance of counsel at the sentencing phase and the court's decision to allow petitioner to submit additional evidence to bolster his contention that counsel's performance prejudiced him. Because we lack jurisdiction to entertain this appeal, we do not pass on these arguments.[2]

## II.

This court has "jurisdiction of appeals from all *final decisions* of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). The Supreme Court has held that the final judgment rule applies in habeas corpus proceedings as it does in any other civil or criminal proceeding. *See Andrews v. United States*, 373 U.S. 334, 340, 83 S.Ct. 1236, 1240, 10 L.Ed.2d 383 (1963). We must therefore test the district court's order granting partial relief against the final judgment rule embodied in section 1291.

In both criminal and civil cases, a final judgment for purposes of appealability under section 1291 has always been defined as a judgment that "terminate[s] the litigation between the parties on the merits of the case, so that if there should be an affirmance [in the court of appeals], the court below would have nothing to do but to execute the judgment or decree it had already rendered." *Bostwick v. Brinkerhoff*, 106 U.S. 3, 3–4, 1 S.Ct. 15, 16, 27 L.Ed. 73 (1882). In the far less complex legal system of the nineteenth century, this rule proved easy to apply—if the whole case was not disposed of by the judgment, the judgment was not final. *See id.* at 4, 1 S.Ct. at 16; *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431–32, 76 S.Ct. 895, 897–98, 100 L.Ed. 1297 (1956). The traditional formulation of the final judgment rule, however, proved inadequate to

---

**2.** Although neither party considers our jurisdiction to entertain this appeal, we have a well-established "obligat[ion] to examine our jurisdic-

tion *sua sponte.*" *Finn v. Prudential-Bache Sec. Inc.*, 821 F.2d 581, 585 (11th Cir.1987).

cope with the added complexity of litigation in this century and the liberal joinder rules of the Federal Rules of Civil Procedure. In particular, cases involving multiple claims or multiple parties created abundant conflicting decisions in the lower federal courts. *See* Fed.R.Civ.P. 54 advisory committee note (1946 amendment).

To restore uniformity to this area, the Supreme Court approved an amendment to Fed.R.Civ.P. 54(b) that specifically addressed the problem of cases involving multiple claims or multiple parties. The amended rule provides that

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The rule was not intended to create an exception to section 1291 or in any way to enlarge the appellate courts' jurisdiction. *See* Fed.R.Civ.P. 54 advisory committee note (1946 amendment). Indeed, the rule "scrupulously recognizes the statutory requirement of a 'final decision' under § 1291." *Sears, Roebuck*, 351 U.S. at 438, 76 S.Ct. at 901. Rather, the rule was intended to clarify how section 1291 should apply to cases involving multiple claims or multiple parties: in essence, Rule 54(b), like the collateral order doctrine, *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), acts as a gloss on section 1291, except it "does so by rule instead of by judicial decision." *Sears, Roebuck*, 351 U.S. at 438, 76 S.Ct. at 901.

▪ Rule 54(b) applies to a specific subset of cases—those involving multiple claims or multiple parties. An order is appealable under Rule 54(b) when three conditions are satisfied. First, the order must be "final," as traditionally defined under section 1291, as to one or more, but

fewer than all, of the multiple claims or parties. *See Sears, Roebuck*, 351 U.S. at 435, 76 S.Ct. at 899. Second, if the order is final as to a claim or party, the district court must direct entry of judgment. *See In re Yarn Processing Patent Validity Litig.*, 680 F.2d 1338, 1339 (11th Cir.1982). Third, the district court must expressly determine that there is no just reason for delay. *See id.; see also Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980). Because a district court may not "treat as 'final' that which is not 'final' within the meaning of § 1291," *Sears, Roebuck*, 351 U.S. at 437, 76 S.Ct. at 900, its decision to direct entry of judgment under Rule 54(b) is subject to plenary review by this court. *See* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2655, at 40–41 (2d ed. 1983). Its decision that there is no just reason for delay, however, is subject only to review for abuse of discretion. *See id.* at 43.

▪ When confronted with an order granting habeas relief based on fewer than all the claims presented by a petitioner, our first task is to determine whether the case is a member of the subset of cases to which Rule 54(b) applies. The rule does not apply "to a multiple claims action in which all of the claims have been finally decided." *Sears, Roebuck*, 351 U.S. at 435, 76 S.Ct. at 899. Therefore, in a multiple claims habeas proceeding, when the order granting relief "gave the petitioner all he could hope to achieve by the litigation," Rule 54(b) does not apply, and the order is appealable as a final judgment under section 1291. *Blake v. Kemp*, 758 F.2d 523, 525 (11th Cir.), *cert. denied*, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985). If, however, the order does not give the petitioner all he could hope to achieve (i.e., the order grants relief on fewer than all of the claims presented), then the three requirements of Rule 54(b) must be satisfied before the order can be appealed under section 1291. *See Smith v. Kemp*, 849 F.2d 481, 483 (11th Cir.1988);[3] *cf. In re Yarn Process-*

---

**3.** The court in *Smith* dismissed the appeal for lack of jurisdiction, noting that the parties were

*ing,* 680 F.2d at 1339 (compliance with Rule 54(b), if applicable, is a prerequisite to jurisdiction under section 1291).

■ A comparison of this court's two major cases on this issue reveals how we are to determine whether the district court's order has given the petitioner all he hoped to achieve. In *Blake,* the order did not address all of the petitioner's arguments but granted the petitioner relief from his conviction and sentence based on one argument. This court held that the petitioner received all the relief he had hoped to achieve with his petition, that Rule 54(b) did not apply (apparently because all of the "claims" had been decided), and that the order was appealable under section 1291. *See Blake,* 758 F.2d at 525. In *Smith,* however, the order addressed only one of several arguments presented by the petitioner, granting relief from the sentence but denying relief from the conviction. Significantly, the order did not address several arguments that challenged the petitioner's conviction. We held that the order did not give the petitioner all he had hoped to achieve with his petition; therefore, *Blake* did not apply, but Rule 54(b) did. *See Smith,* 849 F.2d at 483. Because a Rule 54(b) certification had not been obtained, we dismissed the appeal, noting that the parties were free to seek certification under Rule 54(b). *Id.* at 483–84.

Reading these cases together, the rule in this circuit appears to be that a petition for a writ of habeas corpus seeking relief from

one conviction and one sentence presents two "claims" for relief under Rule 54(b): one with regard to conviction and the other with regard to sentence. If the court's order grants relief from both conviction and sentence (even if other grounds for relief—each based on discrete legal theories—have not been addressed), both "claims" have been finally decided, and the order is appealable under section 1291 without having to satisfy Rule 54(b).[4] If, however, the court's order grants relief only from sentence, and the court does not address challenges to the conviction, then only one claim has been decided, and the decision is not appealable as a final judgment under section 1291 unless Rule 54(b) is satisfied.

### III.

■ In this case, petitioner sought relief from his five convictions and two death sentences; therefore, under Rule 54(b), he presented seven "claims." To support these claims, petitioner included ten distinct grounds for relief, in addition to his ineffective-assistance argument, in his petition to the district court. Petitioner presented at least four constitutional challenges to his convictions.[5] The district court addressed only the ineffective-assistance theory, denying relief from the convictions and granting relief from the sentences. According to *Blake* and *Smith,* the district court's order decided only two of petitioner's seven "claims"—his claims as to sentence. Thus, the petitioner has

---

free to seek certification pursuant to Rule 54(b) from the district court. The parties did so, and the merits of the case were heard by a panel of this court. *See Smith v. Zant,* 855 F.2d 712 (11th Cir.1988). The second panel decision was vacated by the en banc court, *see Smith v. Zant,* 873 F.2d 253 (11th Cir.1989), and the merits of the case were reheard en banc, *see Smith v. Zant,* 887 F.2d 1407 (11th Cir.1989). None of the later proceedings, however, affected the validity or precedential effect of the first panel decision in *Smith,* and it is that decision to which we refer in this opinion.

4. As a corollary to this rule, if the court's order grants relief from sentence, and the court addresses *and dismisses* all the discrete challenges to the conviction, then all claims have been

decided, and the order is appealable under section 1291 without having to satisfy Rule 54(b). *See Wilson v. Kemp,* 777 F.2d 621, 622–23 (11th Cir.1985), *cert. denied,* 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986).

5. Petitioner alleged, *inter alia:* (1) the evidence supporting his convictions was so inadequate that the conviction violated the sixth, eighth, and fourteenth amendments; (2) the trial judge's conduct deprived petitioner of a fair trial and thus violated the sixth, eighth, and fourteenth amendments; (3) the prosecutor's conduct deprived petitioner of a fair trial and thus violated the sixth, eighth, and fourteenth amendments; and (4) a confession was admitted in violation of the fifth, sixth, and fourteenth amendments.

not received all he had hoped to achieve with his petition, and the three requirements of Rule 54(b) must be satisfied before the order can be appealed under section 1291.

As we note above, respondent moved the court to certify its order pursuant to Rule 54(b), but the court declined to do so, holding that its order *did* grant petitioner all the relief he had hoped to achieve. Because the three requirements of Rule 54(b) apply to this attempted appeal, and because those requirements have not been met, the order is not appealable under section 1291. We therefore dismiss the appeal.

DISMISSED.

TJOFLAT, Chief Judge, concurring:

I concur in the court's opinion: it is an accurate account of this circuit's law. I write separately simply to express my continuing dissatisfaction with this court's distortion of the final judgment rule in cases such as *Blake v. Kemp*, 758 F.2d 523 (11th Cir.), *cert. denied*, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985), and *Smith v. Kemp*, 849 F.2d 481 (11th Cir.1988). I have written previously on this subject, *see Blake*, 758 F.2d at 540–43 (Tjoflat, J., dissenting); *Smith v. Zant*, 887 F.2d 1407, 1418–23 (11th Cir.1989) (en banc) (Tjoflat, J., specially concurring), and will not belabor the point here.

I merely point out two things. First, the *Blake* and *Smith* courts' characterization of a petition requesting relief from a conviction and sentence as presenting only two "claims," regardless of the number of separate grounds for relief presented, is inconsistent with the modern conception of the term "claim." *See Blake*, 758 F.2d at 541–42 (Tjoflat, J., dissenting); *cf. Collins v. Zant*, 892 F.2d 1502, 1505–06 (11th Cir. 1990) (defining "claim" for purposes of Rule 9(b) of the Rules Governing Section 2254 Cases). Second, allowing these piecemeal appeals thwarts two important goals: the preservation of judicial resources and the encouragement of one-proceeding treatment of cases whenever possible. *See Blake*, 758 F.2d at 543; *see also Smith v. Zant*, 887 F.2d at 1419–23.

If we were writing on a clean slate today, I would hold that each ground for relief presents a separate claim under section 1291 and Rule 54(b). Therefore, if the court addresses only one ground for relief, even if relief from both conviction and sentence is granted, the order should not be appealable unless the requirements of Rule 54(b) are satisfied. Furthermore, if the district court does grant Rule 54(b) certification, in most cases I would likely hold that the court abused its discretion in determining that there was no just reason for delay. *See Smith v. Zant*, 887 F.2d at 1423. I would do so because, in my view, granting Rule 54(b) certification in these types of cases is extremely disruptive, wastes judicial resources, and creates the possibility of precluding litigation of claims that were not addressed by the district court. *See id.* at 1421–23.