851 F.Supp. 1572 (1994)
James MATHIS, Petitioner,
v.
Walter ZANT, Respondent.
Civ. A. No. 1:87-cv-2355-MHS.
United States District Court, N.D. Georgia, Atlanta Division.
May 11, 1994.
Michael Raymond Hauptman, Hauptman & Rothstein, Atlanta, GA, for plaintiff.
William Bradley Hill, Jr. and Dennis Robert Dunn, Office of State Atty. Gen., Atlanta, GA, for defendant.

ORDER
SHOOB, Senior District Judge.
This action is on remand from the Eleventh Circuit Court of Appeals. The Court concludes that petitioner's claim of mental retardation is an unexhausted claim and dismisses this petition without prejudice.

PROCEDURAL HISTORY
In May 1981, a Georgia jury convicted petitioner on two counts of murder, kidnapping, and armed robbery. Defendant was sentenced to death on his murder convictions. See Mathis v. The State, 249 Ga. 454, 291 S.E.2d 489 (1982), cert. denied, 463 U.S. 1214, 103 S.Ct. 3552, 77 L.Ed.2d 1399 (1983). In August 1983 and May 1986, the Superior *1573 Court of Butts County denied petitioner habeas corpus relief. In October 1987, petitioner filed this application for a writ of habeas corpus, alleging, among other things, that his counsel had rendered ineffective assistance of counsel during the sentencing phase of his trial.
In September 1990, the Court granted petitioner relief on his ineffective assistance of counsel claim, but denied relief on his remaining claims.[1]Mathis v. Zant, 744 F.Supp. 272, 275 (N.D.Ga.1990). The Court allowed petitioner to submit additional evidence on his claims and concluded, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that petitioner's counsel had not provided effective assistance of counsel. Specifically, the Court found that, during sentencing, petitioner's counsel did not cross-examine the state's witnesses, offered no mitigating evidence on behalf of petitioner, made a short closing argument that failed to fall within the wide bounds of effective assistance of counsel, and never asked the jury to return a sentence other than death or to have mercy upon his client. See Mathis, 704 F.Supp. 1062, 1067 (N.D.Ga.1989).
Respondent appealed the Court's September 1990 grant of habeas corpus relief. In December 1992, the Eleventh Circuit vacated the Court's judgment and remanded the action with three directions:
(1) to articulate [the Court's] ground or grounds for circumventing the presumption of correctness accorded a state court's factual findings under 28 U.S.C. § 2254(d) by sua sponte permitting petitioner to submit additional evidence on his claim of ineffective assistance of counsel at sentencing, (2) to determine whether petitioner can demonstrate cause and prejudice for failing to present to the state courts the supplemental evidence submitted to the district court, and (3) to decide whether petitioner's development of supplemental evidence amounted to the presentation of a separate claim of ineffective assistance of counsel not yet exhausted in the state courts.
Mathis v. Zant, 975 F.2d 1493, 1497 (11th Cir.1992) (citations omitted).
In May 1993, the Court directed the parties to file briefs addressing the three directions of the Eleventh Circuit. In their briefs, the parties addressed whether the evidence presented by petitioner at the evidentiary hearing before this Court showing that petitioner is mentally retarded amounts to a new claim that petitioner has not exhausted in state habeas proceedings. After reviewing the parties' briefs, the Court concludes that petitioner's mental retardation claim is an unexhausted claim and that this petition is a "mixed" petition which must be dismissed under Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

PETITIONER'S CLAIM OF MENTAL RETARDATION
At the evidentiary hearing held by the Court, petitioner presented numerous affidavits, including the affidavit of Dr. Howard W. Albrecht, a psychologist appointed by the Court, and the records of the Georgia Department of Corrections and Central State Hospital and other educational records, showing that petitioner is mentally retarded. Respondent argues that petitioner's claim of mental retardation amounts to a new claim that petitioner has not exhausted in state habeas proceedings and that this petition must be dismissed.
In response, petitioner agrees that his claim of mental retardation was not raised in the state habeas proceedings. Petitioner also states that his mental retardation claim is not merely a claim that his trial counsel failed to raise or investigate the issue. Rather, according to petitioner, the issue "deals solely with Mr. Mathis' mental retardation." (Petitioner's Br. at 13.) Finally, petitioner allows that the Court could hold this action in *1574 abeyance and remand this action to allow petitioner to raise his mental retardation claim in state habeas proceedings.
In this action, petitioner has a substantial right under Georgia law to assert a claim of mental retardation in state habeas proceedings. After the conclusion of petitioner's state habeas proceedings and after petitioner had filed this federal habeas petition, the Supreme Court of Georgia held that "the execution of the mentally retarded constitutes cruel and unusual punishment" under Article I, Section I, Paragraph XVII of the Georgia Constitution. Fleming v. Zant, 259 Ga. 687, 690, 386 S.E.2d 339 (1989). But see Penry v. Lynaugh, 492 U.S. 302, 333, 109 S.Ct. 2934, 2955, 106 L.Ed.2d 256 (1989) (execution of mentally retarded persons is not prohibited by the Eighth Amendment of the U.S. Constitution). Because the Georgia Supreme Court outlined a remedial procedure for habeas applicants in petitioner's position, petitioner can assert his mental retardation claim in state habeas proceedings.
In Fleming, the Georgia Supreme Court addressed the retroactivity of a statute that allowed a person facing the death penalty to receive life imprisonment if he could prove that he is mentally retarded. O.C.G.A. § 17-7-131(j) (Supp.1993). By its terms, the statute applied only "[i]n the trial of any case in which the death penalty is sought which commences on or after July 1, 1988...." Id. § 17-7-131(j). Although the court concluded that the statute applied prospectively, the court held that executing the mentally retarded was cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. Thus, the court fashioned a remedial procedure for habeas corpus petitioners who were tried before the effective date of the statute and who allege that they are mentally retarded.
According to the court in Fleming, once a habeas corpus petitioner who was tried before the effective date of the statute alleges that he is mentally retarded,
the habeas corpus court must first determine whether the petitioner has presented sufficient credible evidence, which must include at least one expert diagnosis of mental retardation, to create a genuine issue regarding petitioner's retardation. The court, in its discretion, may hold a hearing on the issue, or may make the determination based on affidavits, depositions, documents, etc. If, after examining the evidence, the habeas corpus court finds that there is a genuine issue, a writ shall be granted for the limited purpose of conducting a trial on the issue of retardation only. This trial shall be held in the court in which the original trial was conducted. Petitioner shall be entitled to a full evidentiary hearing on the issue of retardation. The determination shall be made by a jury using the definition of mental retardation enunciated in the statute. See O.C.G.A. § 17-7-131(a)(3). The petitioner will bear the burden of proving retardation by a preponderance of the evidence. The jury shall not be bound by the opinion testimony of expert witnesses or by test results, but may weigh and consider all evidence bearing on the issue of mental retardation. If the jury returns a verdict that the petitioner is mentally retarded, the petitioner's sentence shall be vacated and he shall be sentenced to life imprisonment.
Fleming, 259 Ga. at 691, 386 S.E.2d 339 (footnote omitted); accord Zant v. Foster, 261 Ga. 450, 406 S.E.2d 74 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1297, 117 L.Ed.2d 519 overruled on other grounds, 262 Ga. 259, 417 S.E.2d 139 (1992). Further, at a trial on the issue of mental retardation, the jury must not be told that, if it finds the defendant is mentally retarded, the defendant's death sentence will be reduced to a sentence of life imprisonment. State v. Patillo, 262 Ga. 259, 417 S.E.2d 139 (1992).
Under the circumstances here, the Court concludes that dismissing this petition without prejudice is appropriate. "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c); accord Rose v. Lundy, 455 U.S. *1575 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Although this general rule of total exhaustion is "not rigid and inflexible," Granberry v. Greer, 481 U.S. 129, 136, 95 L.Ed.2d 119, 107 S.Ct. 1671, 1676 (1987) (quoting Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952)), district courts normally dismiss mixed petitions without prejudice in the interest of comity, federalism, and judicial economy.[2]See McCorquodale v. Kemp, 832 F.2d 543, 545-46 (11th Cir.1987).
In this action, petitioner concedes that his mental retardation claim is a new, unexhausted claim.[3] Further, petitioner has a substantial remedy that can be asserted in state habeas proceedings. Since petitioner was convicted before the effective date of the statute and alleges that he is mentally retarded, he can use the remedial procedure of Fleming to assert his mental retardation claim in state habeas proceedings. Finally, the evidence presented to this Court was sufficient to create a genuine issue of material fact on whether petitioner is mentally retarded.
Therefore, the Court dismisses this petition without prejudice and directs petitioner to exhaust his mental retardation claim in state habeas proceedings before refiling this petition. Although petitioner requests that the Court hold this action in abeyance, the Court declines to do so. Since this action is dismissed without prejudice, petitioner may refile his application for a writ of habeas corpus, and upon refiling, may reassert to this Court his claim that his counsel rendered ineffective assistance at sentencing.

CONCLUSION
In summary, having concluded that petitioner has raised an unexhausted state claim of mental retardation, the Court DISMISSES this petition for a writ of habeas corpus WITHOUT PREJUDICE.
IT IS SO ORDERED.
NOTES
[1] The Court first granted petitioner's application for a writ of habeas corpus on petitioner's ineffective assistance of counsel claim in January 1989. Mathis v. Zant, 704 F.Supp. 1062, 1067 (N.D.Ga.1989). Respondent moved for a stay of judgment and for certification, which the Court denied. Mathis v. Zant, 708 F.Supp. 339 (N.D.Ga.1989). Respondent appealed, and the Eleventh Circuit dismissed the appeal as an appeal from a non-final judgment under 28 U.S.C. § 1291. Mathis v. Zant, 903 F.2d 1368 (11th Cir.1990). Subsequently, in March 1989, the Court denied petitioner's application on his remaining claims. Mathis v. Zant, 708 F.Supp. 339, 341 (N.D.Ga.1989).
[2] There is legal authority for proceeding on petitioner's exhausted claim and dismissing the unexhausted claim. Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.), cert. denied, 464 U.S. 834, 104 S.Ct. 116, 78 L.Ed.2d 116 (1983) (despite circuit court's finding that claim was unexhausted, it ruled on merits). The Fifth, Second, Third, and Tenth Circuit Courts of Appeal, however, have held that a petition containing both exhausted and unexhausted claims must be dismissed even if the district court has already ruled on the merits of the exhausted claims. Williams v. Maggio, 727 F.2d 1387, 1389 (5th Cir.1984) (abandoning rule of Galtieri v. Wainwright, 582 F.2d 348, 362 (5th Cir.1978)); Gulliver v. Dalsheim, 687 F.2d 655, 659 (2d Cir.1982); Slotnick v. O'Lone, 683 F.2d 60, 61 (3rd Cir.1982), cert. denied, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983); Jones v. Hess, 681 F.2d 688, 694-96 (10th Cir.1982).
[3] The evidence supporting petitioner's mental retardation claim is not new. In fact, reports that petitioner is "mentally defective" were part of the prison records and were available to petitioner's trial counsel before trial. Still, the significance of the evidence of petitioner's mental retardation did not come to light until this Court appointed a psychologist who testified by affidavit that petitioner was mentally retarded. Further, in the briefs submitted by the parties after remand, respondent argued, and petitioner conceded, for the first time that petitioner's mental retardation claim was a new claim and not an aspect of his ineffective assistance of counsel claim.