**William Anthony BROOKS, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.**

**No. 83–8028.**

United States Court of Appeals, Eleventh Circuit.

Jan. 16, 1987.

Stephen B. Bright, August F. Siemon, George H. Kendall, Atlanta, Ga., for petitioner-appellant.

Michael J. Bowers, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Marion O. Gordon, First Asst. Atty. Gen., William B. Hill, Jr., Asst. Atty. Gen., Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before RONEY, Chief Judge, GODBOLD, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK and EDMONDSON *, Circuit Judges, and HENDERSON **, Senior Circuit Judge.

PER CURIAM:

This case was remanded to this court by the Supreme Court of the United States, — U.S. ——, 106 S.Ct. 3325, 92 L.Ed.2d 732 for further consideration in light of *Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). In that case the Supreme Court held that a jury instruction in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), was subject to the harmless error inquiry described in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny.[1]

Following the Supreme Court's remand order, we invited and received supplemental briefs from the parties. We conclude that this circuit's harmless error analysis of *Sandstrom* errors, and the harmless error analysis conducted by the en banc

---

* Honorable J.L. Edmondson did not participate in the previous consideration of this case but did participate in this decision after remand.

** Honorable Albert J. Henderson has elected to participate in further proceedings in this matter pursuant to 28 U.S.C. 46(c).

1. *Rose v. Clark,* 478 U.S. at ——, 106 S.Ct. at 3109, described the traditional *Chapman* test as follows: " '*Chapman* mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless.' *United States v. Hasting,* 461 U.S. [499,] 509 n. 7 [103 S.Ct. 1974, 1981 n. 7, 76 L.Ed.2d 96] [(1983)]. The question is whether, 'on the whole record ... the error ... [is] harmless beyond a reasonable doubt.' *Id.,* at 510 [103 S.Ct. at 1981]. See also *Chapman,* 386 U.S. at 24 [87 S.Ct. at 828] ('before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt'); *Connecticut v. Johnson,* 460 U.S. [73,] 97, n. 5 [103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823] [(1983)] (Powell, J., dissenting) ( ... 'the inquiry is whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption')."

court in its previous opinion in this case, follows the traditional harmless error analysis provided for in *Chapman* and in *Rose v. Clark*. For the reasons stated in our previous en banc opinion, we conclude that the *Sandstrom* error in this case is not harmless beyond a reasonable doubt.

Accordingly, our previous en banc opinion, which was published at 762 F.2d 1383 (11th Cir.1985), is

REINSTATED.

KRAVITCH, Circuit Judge, dissenting, in which FAY and EDMONDSON, Circuit Judges, and HENDERSON, Senior Circuit Judge, join:

In *Rose v. Clark*, —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court determined that in certain cases a *Sandstrom* burden-shifting instruction, although a constitutional violation, can be harmless beyond a reasonable doubt. The court noted that:

> "[i]n many cases, the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not *intend* to cause injury."

*Id.* at 3108 (emphasis in original). The Court then reasoned:

> No one doubts that the trial court properly could have instructed the jury that it could *infer* malice from respondent's conduct. Indeed, in the many cases where there is no direct evidence of intent, that is exactly how intent is established. For purposes of deciding this case, it is enough to recognize that in some cases that inference is overpowering. It would further neither justice nor the purposes of the *Sandstrom* rule to reverse a conviction in such a case.

> ·    ·    ·    ·    ·

> The harmless error inquiry involves determining whether *on the whole record* the error is harmless beyond a reasonable doubt.

*Id.* at 3108–09.

*Brooks* is such a case in which the jury could have inferred intent to kill from Brooks's conduct. Indeed, viewing the record as whole, there was overpowering circumstantial evidence of intent. Thus, the trial judge's error in *compelling* the jury to find intent rather than allowing the jury to *infer* intent was harmless beyond a reasonable doubt.

I disagree with the en banc majority's conclusion in its prior opinion that an issue of accident was "squarely before the jury" and that Brooks's confession indicated that the gun went off unintentionally. *Brooks v. Kemp*, 762 F.2d 1383, 1392 (11th Cir. 1985) (en banc). The majority conceded that "the only evidence adduced at trial concerning the fact of the killing itself was derived from Brooks' confession." *Id.* at 1391. Yet the confession does not in any way indicate that the gun went off accidentally, that Brooks did not pull the trigger, or that Brooks did not intend to kill the victim. Brooks confessed that: he kidnapped Carol Galloway from her home; he forced her to drive away with him in her car to a secluded area; he raped her at gun point; when she screamed, he pointed the gun at her; he pulled back the hammer; the gun went off; the bullet struck her; he ran away. There was no suggestion that an intervening event such as a struggle or a jar to Brooks's arm caused the gun to accidentally fire.

For these reasons as well as those articulated in my prior dissent, *Id.* at 1422, I conclude that the jury instruction *was* harmless beyond a reasonable doubt. Accordingly, I dissent from the majority opinion.