James **MATHIS**, Petitioner,

v.

Walter **ZANT**, Warden, Georgia Diagnostic and Classification Center, Respondent.

Civ. A. No. 1:87–CV–2355–MHS.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 12, 1990.

Michael Raymond Hauptman, Hauptman & Rothstein, Atlanta, Ga., for plaintiff.

William Bradley Hill, Jr., Dennis Robert Dunn, Office of State Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

SHOOB, Judge.

After the Court granted petitioner habeas corpus relief as to his death sentence, the United States Court of Appeals for the Eleventh Circuit dismissed cross-appeals in this action, because it found that the Court had not considered every claim raised by petitioner regarding his guilt. *Mathis v. Zant,* 903 F.2d 1368 (11th Cir.1990). As a result, the appellate court stated, petitioner had not received all he hoped to achieve through this litigation, and this Court's decision was not a final judgment under 28 U.S.C. § 1291. *Id.* at 1372–73. *See also Smith v. Kemp,* 849 F.2d 481, 483 (11th Cir.1988). Based on that decision, the Court must address the remaining claims.[1]

The habeas corpus petition and subsequent briefs focused on trial counsel's deficiencies, which petitioner argues denied his right to effective assistance of counsel. As the parties know, the Court denied habeas

---

1. The Court directed the parties to file a joint statement identifying all unresolved claims to assist its deliberations. *See* Order dated July 11, 1990. In their report, counsel stated that the Court already disposed of all guilt/innocence claims in its earlier orders. Counsel cited the Court's previous statement that its July 27, 1988 Order disposed of all guilt/innocence claims. *Mathis v. Zant,* 708 F.Supp. 339, 340 (N.D.Ga. 1989). While the Court might be inclined to agree with counsel, the Court must defer to the judgement of the appellate court.

corpus relief on that ground as to the guilt/innocence phase of petitioner's trial. *See* Order dated July 27, 1988 at 2–7.[2] *See also Mathis v. Zant*, 704 F.Supp. 1062, 1063 (N.D.Ga.1989); *Mathis*, 708 F.Supp. at 340, 341. The Court granted habeas corpus relief based on ineffective assistance of counsel as to the sentencing phase of petitioner's capital trial. During a remarkably brief sentencing phase, defense counsel did not cross-examine the witness called by the State, did not present any witnesses on behalf of petitioner, and presented a closing argument that is embarrassingly devoid of any comments about mitigating factors or even a minimal plea for mercy. *See Mathis*, 704 F.Supp. at 1063–67. For the reasons stated below, the Court finds after further review that petitioner's remaining claims lack merit, with the exception of his claim based on prosecutorial misconduct during sentencing.

■ *Autopsy Photographs:* Petitioner alleges that his rights were denied by the admission of autopsy photographs. In his brief, however, petitioner concedes that only pre-autopsy photographs were introduced. Petitioner nevertheless maintains that these pictures lacked evidentiary value and inflamed the passions of the jury in violation of the Eighth Amendment. "State evidentiary claims are only cognizable on federal habeas corpus review if the rulings render the state proceeding fundamentally unfair." *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir.1989) (citation omitted). The Court cannot find that admission of the challenged photographs, if error, was "material in the sense of a crucial, critical, highly significant factor." *Id.* As a result, admission of those photographs did not violate fundamental fairness and habeas corpus relief is not available.

*Sufficiency of the Evidence:* Petitioner alleges that no reasonable jury could conclude beyond a reasonable doubt that he committed the charged crimes based on the evidence presented at trial. "The relevant question with respect to such a habeas challenge is whether, after reviewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Smith v. White*, 815 F.2d 1401, 1403 (11th Cir.) (*citing Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789–90, 61 L.Ed.2d 560 (1979)), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). The Court does not believe this is even remotely a close question. Substantial evidence supports each of the five convictions in this case, and the Court therefore denies habeas corpus relief based on sufficiency of the evidence.

■ *Improper Jury Instructions:* Petitioner challenges his death sentence because the trial court did not instruct the jury that it could return a sentence of consecutive life sentences instead of death based on *Anglin v. State*, 244 Ga. 1, 257 S.E.2d 513 (1979). Counsel fails to mention, however, that *Anglin* was overruled. *Welch v. State*, 254 Ga. 603, 606, 331 S.E.2d 573 (1985). Petitioner further maintains that the jury improperly found kidnapping with bodily injury as an aggravating circumstance, although the trial court did not charge the jury that it was an aggravating circumstance. The Supreme Court of Georgia raised this issue on direct appeal and agreed that the aggravating circumstance was not present. *Mathis v. State*, 249 Ga. 454, 460, 291 S.E.2d 489 (1982). The Supreme Court of Georgia nevertheless found that the death sentence was valid based on the existence of other aggravating circumstances and, at least in that respect, this Court must agree that the death sentence is valid.

■ *Judicial Misconduct:* Petitioner contends that the trial court improperly

---

**2.** In that ruling, the Court also held that petitioner's constitutional rights were not violated by admission of his jailhouse confession. *See* Order dated July 27, 1988 at 5–7. The Court discussed petitioner's jailhouse confession contentions in the context of petitioner's ineffective assistance of counsel claim because counsel briefed the issues together. In order to avoid further confusion, however, the Court rejects petitioner's jailhouse confession argument for the same reasons that it held that petitioner did not receive ineffective assistance of counsel when a motion to suppress his jailhouse confession was not filed.

interrupted *voir dire* and held the sentencing phase of the trial after 11:00 P.M. While this Court might not have exercised its discretion in the same fashion, neither argument has merit. The trial court allowed extensive *voir dire*. *Id.* at 455. Moreover, there is no evidence that the jury was pressured into reaching its verdict or imposing the death sentence based on the timing of their deliberations. *See Clark v. Dugger*, 834 F.2d 1561, 1565 (11th Cir.1987), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1282, 99 L.Ed.2d 493 (1988). The Court denies habeas corpus relief based on judicial misconduct.

■ *Juror Qualification:* Petitioner maintains that one juror was stricken for cause because he stated he could not impose the death penalty, while other jurors were retained who indicated that they would prefer to return a death sentence rather than life imprisonment. Petitioner maintains that the jurors who were retained may have believed erroneously that a death sentence was more "merciful" than life imprisonment and should have been instructed otherwise by the trial court. These claims address the trial court's findings of bias and, therefore, are subject to limited federal habeas corpus review. *Wainwright v. Witt*, 469 U.S. 412, 426–430, 105 S.Ct. 844, 853–55, 83 L.Ed.2d 841 (1985). Petitioner has not made any showing to overcome the presumption of correctness that applies to the trial court's bias determinations. The Court therefore denies habeas corpus relief based on juror qualification.[3]

■ *Prosecutorial Misconduct:* Petitioner objects to remarks made by the prosecutor during the course of the trial and during his closing argument at the sentencing phase. The Court does not believe that the prosecutor's conduct during petitioner's trial was improper. In this regard, the Court notes that its review of a state prosecutor's conduct on a petition for a writ of habeas corpus is more limited than its review of a federal prosecutor's conduct on direct appeal. *Brooks v. Kemp*, 762 F.2d 1383, 1399 (11th Cir.1985) (*en banc*) (citations omitted), *vacated on other grounds*, 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986), *reinstated on remand*, 809 F.2d 700 (11th Cir.) (*en banc*) (*per curiam*), *cert. denied*, 483 U.S. 1010, 107 S.Ct. 3240, 97 L.Ed.2d 744 (1987). The Court therefore denies habeas corpus relief based on alleged prosecutorial misconduct during petitioner's trial.

■ After reviewing the transcript of petitioner's sentencing hearing, however, the Court finds that much of the closing argument made by the district attorney was not proper. First, the prosecutor implored the jury to "protect your community, your society, your homes, and your family from the violence of James Mathis." Transcript of *State v. Mathis*, Volume II at 715. The prosecutor explained:

> You live in this community. Your family goes to school in this community. Your wife attends the grocery store in this community. Your children attend the baseball games and the football games in this community. Your daughter is a cheerleader in this community. In your hands lies the safety of not only your family but the family of every other member of Douglas County from the hands, the violent hands of the defendant in this case James Mathis.

Transcript at 716. Second, the prosecutor counselled the jurors that, if they looked at pre-autopsy pictures of the murder victims, they would see the images of their own parents. The prosecutor stated:

> And I ask you to return to the jury room and no matter how distasteful you may find it, I ask you to look at those photographs again and look into the eyes of J.L. Washington or the eye that remains. Look into the face of Ruby Washington and just see if transfigured over her face you don't for some reason see your mother's face or on "Sparky's" face your fa-

---

**3.** Petitioner did not raise at trial his claim that the jury should have been charged that life imprisonment is more merciful than the death penalty. The Court nevertheless agrees with the state habeas court that such a charge was not required. A jury instruction is not necessary for jurors to realize that capital punishment is legally the most severe possible sentence.

ther's. Maybe you don't, but for some strange reason I do, and I can't help it. Transcript at 716. Third, the prosecutor remonstrated against abolition of the death penalty, which he said would be "perceived symbolically as the loss of nerve." Transcript at 720. He proclaimed: "I say this, that when a murder no longer forfeits the life of the murderer, even though it may interfere with his freedom to a degree or for a degree of time, respect for life is diminished." Transcript at 720.

The Court reviews the prosecutor's remarks recognizing that "the fact that an argument by a defense counsel or prosecutor has emotional overtones does not independently indict it as improper." *Brooks*, 762 F.2d at 1405. The Court further notes that, under Georgia law, "[i]n deciding whether to impose the death penalty in a particular case, it is appropriate for a jury to consider whether or not the general deterrence purpose of the statute would be served thereby." *Id.* at 1407 (citation omitted). Finally, "[w]hile argument focusing on the victim[s] can be dangerous, not all prosecutorial references to the victim[s] are improper." *Id.* at 1409.

The Court nevertheless finds that the prosecutor's closing argument during sentencing was inappropriate and inflammatory. Although under Georgia law the scope of permissible argument is broad, the prosecutor's emphasis on deterrence improperly excited fears of the jurors about their safety and that of their families. *Hance v. Zant*, 696 F.2d 940, 951–52 (11th Cir.), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983) (fear and emotion should not influence jurors at sentencing). The prosecutor improperly urged the jurors to consider the murders that occurred as if their own parents had been killed. *Brooks*, 762 F.2d at 1409 (citation omitted) (excessive focus on characteristics of the victims not proper if irrelevant considerations injected into sentencing decision).[4] Finally, the prosecutor's polemic about the virtues of the death penalty, while perhaps appro-

priate during an election campaign, was not proper during a sentencing hearing. *Id.* at 1408 (citation and footnote omitted) (counsel's personal belief in the death penalty irrelevant to jury's task).

The Court further finds that, taken as a whole, the closing argument presented by the district attorney was so inflammatory that petitioner was denied his right to a fundamentally fair sentencing hearing. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (citation omitted). The Court is mindful that, in this circuit, improper prosecutorial argument undermines the fairness of the proceedings only if the petitioner demonstrates prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Brooks*, 762 F.2d at 1402 (citation omitted). The Court concludes that improper comments by the prosecutor were so prejudicial, misleading, and extensive that habeas corpus relief is mandated. *Hance*, 696 F.2d at 950 n. 7.

■ *Prior Convictions:* Petitioner objects to the introduction of his prior convictions. Insofar as petitioner claims that the voluntariness of his pleas in those cases was not demonstrated, the Court defers to the contrary conclusion of the Supreme Court of Georgia. *Mathis*, 249 Ga. at 457–58, 291 S.E.2d 489. *See generally Marshall v. Lonberger*, 459 U.S. 422, 849–852, 103 S.Ct. 843, 862–63, 74 L.Ed.2d 646 (1983). Insofar as he claims that prior convictions based on pleas are not properly considered in imposing a death sentence, petitioner is simply wrong. O.C.G.A. § 17–10–2. *See also Zant v. Stephens*, 462 U.S. 862, 886, 103 S.Ct. 2733, 2747–48, 77 L.Ed.2d 235 (1983). Petitioner's death sentence is not invalid because his prior convictions were considered by the sentencing jury.

■ *Character Evidence:* Petitioner claims that evidence of his bad character was improperly raised at sentencing. The

---

**4.** In this regard, the Court notes that a juror related to one of the victims would have been disqualified and, therefore, it was not appropriate to urge jurors to impose the death penalty because of how they would have felt if their parents were the victims of the crimes committed by petitioner.

Supreme Court of Georgia rejected this position as a matter of state law because the evidence involved testimony related to petitioner's prior convictions. Respondent correctly asserts that this claim is based solely on state law and does not involve allegations of any constitutional deprivation. Federal habeas corpus relief is not available under such circumstances, since 28 U.S.C. § 2254 confers jurisdiction only over claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."

■ *Constitutionality of O.C.G.A. § 17–10–30(b)(7):* Petitioner attacks the constitutionality of the statutory aggravating circumstance established by O.C.G.A. § 17–10–30(b)(7). The statute authorizes imposition of the death penalty where there is evidence that:

> The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim.

O.C.G.A. § 17–10–30(b)(7). Petitioner also asserts that the jury should have specified the basis for their findings as to the existence of this aggravating circumstance. Respondent correctly observes, however, that the structure of the Georgia death penalty is constitutional, including the statutory aggravating circumstance challenged by petitioner. *Zant v. Stephens,* 462 U.S. at 862, 103 S.Ct. at 2733–35; *Cape v. Francis,* 741 F.2d 1287, 1302 (11th Cir.1984), *cert. denied,* 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 245 (1985). Moreover, petitioner has not demonstrated that the statute as applied is unconstitutional. The Court therefore denies habeas corpus relief based on the application of O.C.G.A. § 17–10–30(b)(7).

For the foregoing reasons, along with the analysis provided in the Court's Orders dated July 27, 1988; January 27, 1989; and March 15, 1989, the Court DENIES habeas corpus relief as to petitioner's guilt/innocence claims and GRANTS habeas corpus relief as to petitioner's sentencing claims. The Court DIRECTS the parties that its grant of habeas corpus relief as to sentencing is limited to petitioner's ineffective assistance of counsel and prosecutorial misconduct grounds. The Court DIRECTS the Clerk to AMEND the judgment previously entered in this case accordingly.

IT IS SO ORDERED.