MARTIN, Circuit Judge,
concurring in the result only:
While I agree with the majority that this is not a case for habeas relief, I do not agree with all of the reasons given by the majority to affirm the District Court’s denial of Mr. Reese’s habeas petition.
To begin, after concluding that the Florida Supreme Court’s decision was not an unreasonable application of federal law under 28 U.S.C. § 2254(d), I think it unnecessary to also conduct a de novo review of the prosecutor’s comments in this case. This is not a case where it is “unclear whether AEDPA deference applies.” See Berghuis v. Thompkins, — U.S. —, 130 S.Ct. 2250, 2265, 176 L.Ed.2d 1098 (2010) (stating courts may “deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies”). Thus, a de novo review is not called for by AEDPA, and it is not necessary for us to affirm the denial of Mr. Reese’s habeas petition. Indeed, the Supreme Court has repudiated *1284 the notion that AEDPA’s “unreasonableness question” is the same as an appellate court’s “confidence in the result it would reach under de novo review.” Harrington v. Richter, 562 U.S. —, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011); cf. Brooks v. Kemp, 762 F.2d 1383, 1403 n. 31 (11th Cir.1985) (en banc) (“A court need not determine whether specific [prosecutorial] arguments are proper or improper if, taken as a whole, they would not require relief.”) (citation omitted), vacated on other grounds, 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986), reinstated on remand, 809 F.2d 700 (1987) (en banc).
Also, while I agree that the state court’s determination cannot be viewed as “objectively unreasonable,” Renico v. Lett, 559 U.S. —, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 409, 120 S.Ct. 1495, 1521, 146 L.Ed.2d 389 (2000)), I assume that the majority’s opinion does not question the premise that the Supreme Court has clearly established federal law with respect to habeas claims asserting that a prosecutor’s comments during penalty phase closing arguments denied the petitioner due process. Where a state court has adjudicated such a claim on the merits, habeas petitioners must demonstrate that the state court’s decision is contrary to, or involves an unreasonable application of, the Supreme Court’s clearly established standard — that “the prosecutors’ comments ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’” Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). There can be little doubt that a holding of the Supreme Court squarely established this specific due process standard within the meaning of AEDPA. See generally Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).
It is true that the Supreme Court has never granted habeas relief based upon a prosecutor’s closing argument. But that fact alone does not mean the Supreme Court has not clearly established a standard by which such claims should be evaluated. Said another way, the Supreme Court can clearly establish federal law sufficient to support relief under AEDPA by establishing standards even in cases where the habeas petition is denied under that standard.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is a good example. Strickland established the now often cited standard for evaluating ineffective assistance of counsel claims—deficient performance and prejudice. Id. at 687, 104 S.Ct. at 2064. Yet, in Strickland, the Supreme Court affirmed the denial of habeas relief to the petitioner, David Washington, because he failed to make the required showing of either deficient performance or sufficient prejudice to prove his ineffective assistance of counsel claim. Id. at 700-01, 104 S.Ct. at 2071. We know that the Supreme Court has granted habeas relief under AEDPA and based upon Strickland’s, standard.[1]
*1285 It seems equally true that the Supreme Court has clearly announced a constitutional standard by which a prosecutor’s arguments must be measured. It bears emphasis, the clearly established standard is “whether the prosecutors’ comments ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’ ” Darden, 477 U.S. at 181, 106 S.Ct. at 2471 (quoting Donnelly, 416 U.S. at 643, 94 S.Ct. at 1871); see also Greene v. Upton, 644 F.3d 1145, 1157 (11th Cir.2011) (applying the Darden standard). I therefore understand the majority’s opinion to conclude that Mr. Reese has failed to satisfy this rigorous standard, not that Donnelly and Darden can never provide the basis for habeas relief merely because the defendants in those cases got no habeas relief. See also Hammond v. Hall, 586 F.3d 1289, 1322 (11th Cir.2009) (Carnes, J.) (“The Supreme Court has held that a death sentence can be rendered unconstitutional if the prosecutor’s comments ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’ ” quoting Darden, 477 U.S. at 181, 106 S.Ct. at 2471, and citing Payne v. Tennessee, 501 U.S. 808, 825, 111 S.Ct. 2597, 2608, 115 L.Ed.2d 720 (1991), for the proposition that “the same due process standard of fundamental fairness exists at the sentencing phase of a capital trial”).
Our Circuit precedent recognizes that the Supreme Court may establish constitutional due process standards even in cases where the Court finds no constitutional error. For example, in United States v. Bissell, 866 F.2d 1343 (11th Cir.1989), this Court applied the Supreme Court’s analytical framework from Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (identifying four factors to consider for Sixth Amendment speedy trial claim), to determine when a defendant is entitled to a post-indictment, pretrial forfeiture hearing as a matter of Fifth Amendment due process. Bissell, 866 F.2d at 1352-53. In doing so, this Court relied upon the Supreme Court’s decision in United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), which applied Barker's four factors to reject the argument that an eighteen month delay between seizure of assets and a civil forfeiture hearing violated Fifth Amendment Due Process, id. at 574, 103 S.Ct. at 2012. See Bissell, 866 F.2d at 1352-53. Bissell, like $8,850, ultimately rejected the due process claim after applying Barker’s test. Id. at 1354. After Bis-sell, we made clear in United States v. Kaley, 579 F.3d 1246 (11th Cir.2009), that the Barker test was part of the holding of Bissell:
Bissell’s determination that the Barker factors should be used to evaluate when a defendant is entitled to a post-indictment, pretrial hearing under due process of law is holding, not dicta. As our cases frequently have observed, dicta is defined as those portions of an opinion that are “not necessary to deciding the case then before us.” Conversely, the holding of a case is, as the Supreme Court observed, comprised both of the result of the case and “those portions of the opinion necessary to that result by which we are bound.” Bissell’s conclusion that there was no violation of the defendants’ Fifth Amendment due process rights was necessary to its ultimate decision. In fact, Bissell’s adoption and use of the Barker test forms a critical part of the case’s holding. Our conclusion that the defendants’ due process rights were not violated was driven by, and cannot be understood apart from our application of the Barker test to the *1286 facts of the case. While it is true that the court could have decided the case on other grounds, such as plain error, the panel resolved the defendants’] due process claim by explicating and applying the Barker v. Wingo analysis.
Kaley, 579 F.3d at 1253 n. 10 (citations omitted). Similarly, while Darden concluded that the petitioner’s due process rights were not violated by the prosecutor’s comments, the result in Darden expressly relied upon the Supreme Court’s application of Donnelly’s due process test to the facts in Darden. Again, that is, “whether the prosecutors’ comments ‘so infected the trial with unfairness as to make the resulting conviction a denial of due process.’ ” Darden, 477 U.S. at 181, 106 S.Ct. at 2471 (quoting Donnelly, 416 U.S. at 643, 94 S.Ct. at 1871). Thus, the Donnelly and Darden test is part of the holding in those cases because it was “necessary to [the Court’s] ultimate decision,” formed “a critical part of the case[’s] holding,” and “cannot be understood apart” from the Court’s ultimate resolution of those cases. Kaley, 579 F.3d at 1253 n. 10 (citations omitted). We must therefore recognize it as clearly established federal law.
It is also worth noting that to the extent Darden and Donnelly establish only a general standard, that does not immunize a state court’s decision from scrutiny under AEDPA. Of course, the “more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.” Majority Op. at 1287 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004)). For example, Strickland is a general standard. Premo v. Moore, — U.S. —, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011) (“The Strickland standard is a general one, so the range of reasonable applications is substantial.”) (quotation marks omitted); accord Knowles, 556 U.S. at 123, 129 S.Ct. at 1420 (2009). Yet, as far as I am aware, the first time the Supreme Court found a violation of Strickland’s general standard occurring at a capital penalty phase was under AEDPA. See Williams, 529 U.S. at 396-97, 120 S.Ct. at 1514-15 (concluding state court’s application of Strickland to petitioner’s penalty phase claim was both contrary to and an unreasonable application of clearly established federal law). Since Williams, the Supreme Court has repeatedly found state court decisions applying Strickland’s general standard unreasonable under AEDPA. See Lafler, — U.S. at —, 132 S.Ct. at 1389, 2012 WL 932019, at *11-12; Porter, 130 S.Ct. at 455-56; Rompilla, 545 U.S. at 380-81, 393, 125 S.Ct. at 2462, 2469; Wiggins, 539 U.S. at 520, 537-38, 123 S.Ct. at 2534, 2542-44. And the Supreme Court recently reversed a Georgia Supreme Court opinion on direct review for failing to properly apply Strickland’s prejudice analysis. See Sears v. Upton, — U.S. —, 130 S.Ct. 3259, 3261, 177 L.Ed.2d 1025 (2010). These cases show that a state court’s decision can be contrary to or an unreasonable application of even a general constitutional standard, such as that stated in Darden, in an appropriate case.
I agree that Mr. Reese’s case is not such a case, but my conclusion is based upon the totality of the record and looking to Donnelly and Darden as having clearly established the relevant standard.
Finally, I disagree with the majority’s holding that none of the prosecutor’s comments in this case were improper. As an example, in Darden itself, the Supreme Court recognized that the prosecutor’s use of the word “animal” to describe the defendant “undoubtedly were improper,” even though the prosecutor’s comments were incorporating the defense’s use of the word “animal.” 477 U.S. at 180, 106 S.Ct. at 2471. The prosecutor here referred to Mr. *1287 Reese as a “vicious dog” and a “rabid dog.” Thus, while I agree with the majority’s ultimate conclusion that it was not objectively unreasonable for the Florida Supreme Court to conclude the prosecutor’s comments did not “so infeet[] the trial with unfairness as to make the resulting [death sentence] a denial of due process,” id. at 181, 106 S.Ct. at 2471 (quotation marks omitted), I cannot agree that none of the prosecutor’s comments here were improper as a matter of federal law.

. See, e.g., Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398, No. 10-209, 2012 WL 932019, at *11-12 (Mar. 21, 2012); Porter v. McCollum, — U.S. —, 130 S.Ct. 447, 455-56, 175 L.Ed.2d 398 (2009) (granting habeas relief under AEDPA based on Strickland); Rompilla v. Beard, 545 U.S. 374, 380-81, 393, 125 S.Ct. 2456, 2462, 2469, 162 L.Ed.2d 360 (2005) (same); Wiggins v. Smith, 539 U.S. 510, 520, 534-38, 123 S.Ct. 2527, 2534, 2542-44, 156 L.Ed.2d 471 (2003) (same); Williams, 529 U.S. at 367, 120 S.Ct. at 1499 (same). We have followed the Supreme Court's lead. See Cooper v. Sec’y, Dep’t of Corr., 646 F.3d 1328, 1356 (11th Cir.2011); Johnson v. Sec’y, DOC, 643 F.3d 907, 910-11 *1285 (11th Cir.2011); Ferrell v. Hall, 640 F.3d 1199, 1203 (11th Cir.2011).