ORDER

OWENS, Chief Judge.
Before the court is defendant’s motion for summary judgment. After careful consider­ation of the arguments of counsel, the rele­vant case law, and the record as a whole, the court issues the following order.

FACTS

Plaintiff Gary Cargile was born on Sep­tember 20, 1947. In March of 1979, plaintiff began work with defendant Horton Homes Inc. Horton Homes is a modular homes manufacturer located near Eatonton, Geor­gia. Initially, plaintiff was assigned to the section of the assembly line where sidewalls are attached to the base of the housing units. In 1982, plaintiff was transferred to the cabi­net shop. In the cabinet shop, plaintiff as­sembled pre-cut particle board cabinets. These cabinets were then installed in the *1577 housing units by other sections of the assem­bly line.
In 1990, Horton Homes decided to discon­tinue the assembly and installation of the particle board cabinets and to begin purchas­ing prefabricated cabinets from another com­pany. As a consequence, Horton Homes no longer needed employees to assemble the pre-cut cabinets. Accordingly, in April 1990, defendant transferred plaintiff to the section of the assembly line where the interiors of the housing units were completed. Russell Haley, Horton Homes’ production manager, was responsible for the transfer of employees from the cabinet shop to other positions in the plant. Haley transferred plaintiff to the interior assembly unit on the recommenda­tion of Tommy MeElhannon, plaintiffs super­visor in the cabinet shop. Neither plaintiffs pay nor benefits were altered as a result of the transfer.
Plaintiffs first day of work with the interi- or assembly unit was April 23,1990. Almost immediately, plaintiff began experiencing problems. For example, plaintiff found it difficult to keep up with the pace of the production line. Plaintiff attributes the pro­duction difficulty to his lack of training and the uncooperative nature of the other em­ployees in the unit.
On the morning of April 25, 1990, plaintiff was called off the assembly line and taken to Russell Haley’s office. Haley asked plaintiff about the problems plaintiff was experiencing in the interior assembly unit. Plaintiff told Haley that his co-workers were uncoopera­tive and that the confined work area of the interior assembly unit made him uncomforta­ble. Accordingly, plaintiff requested a trans­fer to a different position in the plant. Haley asked plaintiff if he would go back to the sidewalls unit. Plaintiff, however, told Haley that he did not think he could physically perform the duties required in sidewall in­stallation. Haley then informed plaintiff that he would attempt to find another position in the plant for plaintiff and requested that plaintiff complete the day in the interior as­sembly unit.
That same day, at approximately 4:00 p.m., plaintiff was again asked to report to Haley’s office. Haley told plaintiff that he had been unable to find another position in the plant for plaintiff. Haley then asked plaintiff his age. Plaintiff replied that he was forty-two years old. Haley advised plaintiff that be­cause plaintiff was over forty years of age, he might want to consider retirement. Plaintiff, however, informed Haley that he did not want to retire. Haley advised plaintiff a second time that retirement might be his best option. Again, plaintiff refused. Haley then informed plaintiff that he was terminat­ed. Plaintiff’s position in the interior assem­bly unit was filled by John Edward Lewis. At the time Lewis began work in the unit, he was forty-two years old.
On January 21, 1992, plaintiff brought suit against Horton Homes pursuant to the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 623 et seq. In his complaint, plaintiff contends that defendant violated the ADEA by (1) transferring plain­tiff from his position in the cabinet shop and (2) terminating his employment. Subse­quently, defendant filed this motion for sum­mary judgment. Defendant contends that plaintiff cannot make out a prima facie case of age discrimination. Further, defendant asserts that even if plaintiff could make out a prima facie case, plaintiff has failed to put forth any evidence proving that defendant’s proffered reasons for the employment actions are pretextual.

DISCUSSION

29 U.S.C. § 623 provides, in part: “It shall be unlawful for an employer ... to fail or refuse to hire or.to discharge any individual or otherwise discriminate against any individ­ual with respect to his compensation, terms, conditions, or privileges of employment, be­cause of such individual’s age....” 29 U.S.C. § 623(a)(1). As noted above, plaintiff contends that defendant violated this provi­sion of the ADEA by (1) transferring plaintiff from his position in the cabinet shop and (2) terminating his employment. Because plain­tiff is required to establish a different prima facie case for his “transfer” claim than for his “termination” claim, the court will address each contention separately.
I. Transfer
Under the' ADEA, the plaintiff bears the initial burden of establishing a prima *1578 facie case of age discrimination. Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1226 (11th Cir.1993); Verbraeken v. Westinghouse Electric Corp., 881 F.2d 1041, 1045 (11th Cir.1989); Young v. General Foods Corp., 840 F.2d 825, 828 (11th Cir.1988). “If a plaintiff establishes a prima facie case ... the employer must articulate a legitimate, nondiscriminatory rationale for the [employ­ment action]. If the employer does so, the burden shifts back to the plaintiff to prove that the employer’s asserted reason is pre-­textual.” Young, 840 F.2d at 828.
“There are three methods by which a plaintiff may establish a prima facie case of age discrimination: by direct evidence of dis­criminatory intent; by meeting the test origi­nally set out for Title VII cases in McDon­nell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or by statistical proof of a pattern of discrimina­tion.” Verbraeken, 881 F.2d at 1045.
Plaintiff has attempted to meet his initial burden by establishing a prima facie case in accordance with the test set forth in McDonnell Douglas. Pursuant to this test, a plaintiff may establish a prima facie case by proving: (1) that plaintiff was a member of a protected group; (2) that plaintiff was sub­ject to adverse employment action; (3) that plaintiff was replaced with a person outside the protected group; and (4) that plaintiff was qualified for the position. Clark, 990 F.2d at 1226; Mauter v. Hardy Corp., 825 F.2d 1554, 1557 (11th Cir.1987). However, in regard to plaintiffs claim that defendant transferred him in violation of the ADEA, the record indicates that defendant did not replace plaintiff with another worker. In­stead, defendant contends plaintiff was trans­ferred as a consequence of a reduction in force in the carpentry shop. “In reduction-­in-force cases ... the McDonnell Douglas test has been ... modified by eliminating the replacement requirement; because ‘[i]n situ­ations involving a reduction in force, ... the employer seldom seeks a replacement for the discharged employee.’ ” Verbraeken, 881 F.2d at 1045. Accordingly, in situations in­volving a reduction in force, a plaintiff may satisfy the third prong of the McDonnell Douglas test by “ ‘producing] evidence cir­cumstantial or direct, from which the factfin-­der might reasonably conclude that the em­ployer intended to discriminate in reaching the decision at issue.’ ” Mauter, 825 F.2d at 1557.
Under the first prong of the prima facie case, plaintiff must prove that he is a mem­ber of a protected group. The parties do not dispute that plaintiff is a member of a pro­tected group for purposes of the ADEA. See 29 U.S.C. § 631(a) (“The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age but less than 70 years of age.”). Accordingly, plaintiff has satisfied the first element of the prima facie case.
The second prong of plaintiffs prima facie ease requires that plaintiff prove that he was subject to adverse employment ac­tion. Plaintiff contends that his transfer from the cabinet shop to the interior assem­bly unit was an adverse employment action. Plaintiff, however, suffered no loss in pay or benefits as a result of the transfer. See Hudson v. Southern Ductile Casting Corp., 849 F.2d 1372, 1375 (11th Cir.1988). In fact, in his deposition, plaintiff testified that at the time of the transfer, he did not consider the transfer to be a demotion, but simply a later­al move in employment. (Cargile Dep. at 104-05.) Accordingly, the record does not support plaintiffs contention that his trans­fer was an adverse employment action. Plaintiff, therefore, has failed to establish the second prong of his prima facie case.
Although plaintiff has failed to prove that his transfer constituted an adverse employ­ment action, the court will proceed to ad­dress the remaining elements of plaintiffs prima facie case so as to prepare a complete record. The third element of plaintiffs pri-­ma facie case requires plaintiff to produce evidence, circumstantial or direct, “ ‘from which the factfinder might reasonably con­clude that the employer intended to discrimi­nate in reaching the decision at issue.’ ” Young, 840 F.2d at 829. After a careful review of the record, however, the court finds no evidence from which a jury might con­clude that Horton Homes intended to dis­criminate against plaintiff on the basis of his age in deciding to transfer plaintiff from the cabinet shop to the interior assembly unit. Defendant’s decision to purchase prefabri-­ *1579 eated cabinets eliminated plaintiffs position in the cabinet shop. In order to remain in the cabinet shop in another capacity, defen­dant would have been forced to retrain plain­tiff. Instead, defendant transferred plaintiff to another section of the plant with no change in pay or benefits. The record sim­ply lends no support to an inference that the transfer took place because of an intent to discriminate against plaintiff because of his age. Therefore, plaintiff has failed to estab­lish the third prong of his prima facie case.
Finally, the parties do not dispute that plaintiff was qualified to performed the duties assigned to him in the cabinet shop.
Plaintiff has failed to establish a prima facie case regarding his claim that defendant transferred plaintiff from the cabinet shop to the interior assembly unit in violation of the ADEA. Accordingly, defendant’s motion for summary judgment on plaintiffs “transfer” claim is GRANTED.[1]
II. Termination
As discussed above, under the ADEA, a plaintiff may establish a prima facie case by proving: (1) that plaintiff was a member of a protected group; (2) that plaintiff was sub­ject to adverse employment action; (3) that plaintiff was replaced with a person outside the protected group; and (4) that plaintiff was qualified for the position. Clark, 990 F.2d at 1226; Mauter, 826 F.2d at 1557. Plaintiff has clearly satisfied the first two elements of his prima facie case. First, plaintiff is a member of a protected group, as defined by the ADEA. See 29 U.S.C. § 631(a). Second, examining the facts in a light most favorable to plaintiff, plaintiff has established that he was subject to adverse employment action—that is, he was terminat­ed from his employment.
Plaintiff, however, has failed to es­tablish the third element of his prima facie case. As the record in the case sub judice indicates, defendant replaced plaintiff with John Edward Lewis, who was forty-two years old when he replaced plaintiff in the interior assembly unit. At the time plaintiff filed his complaint, plaintiff was forty-three years old. Both Lewis and plaintiff fall with­in the “protected group,” for purposes of the ADEA. 29 U.S.C. § 631(a) (“The prohibi­tions in this chapter shall be limited to indi­viduals who are at least 40 years of age but less than 70 years of age.”). Certainly, situa­tions may arise in which this element of the prima facie case will have little or no import. For example, if a sixty-nine year old employ­ee is replaced by a forty year old employee, the vast difference in the ages of the two employees may negate the inference of non­discrimination that arises when a person is replaced by someone within the same pro­tected group. However, plaintiff is only a year older than Lewis. When an employee is replaced by someone approximately the same age, a strong inference arises that age was not a determinative factor in the decision to terminate. Accordingly, plaintiff has failed to establish a prima facie case of discrimina­tion in accordance with the framework set forth in McDonnell Douglas.
Plaintiff, however, contends that sufficient direct evidence of discriminatory intent ex­ists to support a prima facie ease in regard to his termination claim. See Verbraeken, 881 *1580 F.2d at 1045. “[E]vidence of age discrimina­tion is direct when, if believed, it establishes discriminatory intent without inference or presumption. Only the most blatant re­marks whose intent could only be to discrimi­nate on the basis of age constitute direct evidence.” Clark, 990 F.2d at 1227 (empha­sis added).
Plaintiff asserts that Russell Ha­ley’s inquiries as to plaintiffs age and desire to retire are direct evidence of age discrimi­nation. Haley’s statements, however, are not the type of “blatant remarks” contemplated by the Eleventh Circuit as sufficient to estab­lish a prima facie case of age discrimination. See, e.g., Barnes v. Southwest Forest Indus­tries, Inc., 814 F.2d 607, 610-11 (11th Cir.­1987) (holding that the statement “at your age, I don’t believe you could pass [the test]” is not direct evidence of age discrimination); see also Williams v. General Motors Corp., 656 F.2d 120, 130 (5th Cir.1981) (“a paper scrap with the notation ‘Lay-off—Too Old’ beside a plaintiffs name [would be direct evidence of discrimination]”). Therefore, plaintiff has also failed to establish a prima facie case through direct evidence of discrim­inatory intent.[2] Accordingly, defendant’s motion for summary judgment on plaintiffs “termination” claim is GRANTED.

CONCLUSION

Defendant’s motion for summary judgment on plaintiffs claims under the Age Discrimi­nation in Employment Act, 29 U.S.C. § 623 et seq. is GRANTED.
SO ORDERED.

. Assuming arguendo, however, that a prima fa-­cie case could be established, plaintiff's transfer claim would still fail. The establishment of a prima facie case shifts the burden of production to defendant to “articulate a legitimate, non­discriminatory rationale for the [employment ac­tion]." Young, 840 F.2d at 828. Defendant con­tends that it transferred plaintiff because of a decision to discontinue the assembly of pre-cut cabinets in its cabinet shop. This rationale is sufficient to satisfy defendant's burden of produc­tion. The burden now shifts back to plaintiff to prove that defendant’s asserted reason is pretex-­tual. “Because the plaintiff bears the burden of establishing pretext, he must present 'significant­ly probative' evidence on the issue to avoid sum­mary judgment.” Young, 840 F.2d at 829. “The plaintiff, to shoulder this burden, must introduce evidence that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." Mauter, 825 F.2d at 1558. This burden, howev­er, mirrors the third element of plaintiff's prima facie case, which plaintiff failed to establish. In reduction-in-force cases, the third element of the prima facie requires plaintiff to produce evi­dence, circumstantial or direct, " ‘from which the factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.’ ” Young, 840 F.2d at 829. As discussed above, plaintiff has failed to put forth evidence sufficient to establish this element. Likewise, plaintiff cannot establish that defen­dant’s articulated reason for the transfer is pre-­textual.

. Assuming that plaintiff could establish a prima facie case of age discrimination, defendant has carried its burden of articulating a legitimate, non-discriminatory reason for the discharge. "An employer's good faith belief that an employ­ee’s performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for termi­nation." Clark, 990 F.2d at 1228. Accordingly, the burden would shift back to plaintiff to prove that defendant's asserted reason is pretextual. See Young, 840 F.2d at 828. In some situations, an offer of retirement might give rise to an inference "that age was a determinative factor in the termination.” Id. at 831. However, "[w]here the defendant's justification evidence completely overcomes any inference to be drawn from the evidence submitted by the plaintiff, the district court may properly acknowledge that fact and award summary judgment to the employer.” Grigsby v. Reynolds Metals Co., 821 F.2d 590, 597 (11th Cir.1987). In this case, the record clearly indicates that plaintiff failed to adequately perform his assigned duties in the interior assem­bly unit. Further, prior to his termination, de­fendant offered plaintiff a transfer to another position in the plant, which plaintiff refused. (In fact, defendant contends that Haley offered plaintiff a choice of two jobs. Plaintiff, although not denying defendant's assertion, claims to re­member only one transfer offer.) Finally, defen­dant replaced plaintiff with a person approxi­mately the same age as plaintiff and within the same protected group as plaintiff. The evidence offered by defendant "completely overcomes any inference” suggested by plaintiff's evidence, which consists solely of the statements made by Russell Haley. Accordingly, even if plaintiff had established a prima facie case, defendant would still be entitled to summary judgment.