[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13763

Non-Argument Calendar

_____

EDWIN GOMEZ,

Plaintiff-Appellant,

*versus*

THE CITY OF MIAMI,
a municipal corporation authorized to do
business under the laws of the State of Florida,
JAVIER ORTIZ,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23668-KMW

_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

Edwin Gomez filed a complaint against Miami Police Captain Javier Ortiz and the City of Miami ("the City"). Gomez brought two counts against the City for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and the First Amendment to the Constitution. He also asserted the First Amendment claim against Ortiz. The district court dismissed both claims against the City in an omnibus order, and the City moved for certification of a final judgment in its favor pursuant to Federal Rule of Civil Procedure 54(b). On October 17, 2023, the district court issued an order granting that motion and an associated "final judgment" as to the City. Gomez appealed from the October 17, 2023, order and judgment.

The district court's October 17, 2023, order is not final as to all claims and parties because Ortiz remains a party to the action. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022). It also did not comply with the requirements

of Rule 54(b) to certify an appealable final judgment as to the City while the claims against Ortiz remain pending, as both parties agree. *See* Fed. R. Civ. P. 54(b); *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). While the order noted that all claims against the City were resolved, neither it nor the judgment explicitly stated that there was no just reason to delay an appeal or explain why this case presents the "rare circumstance" in which an immediate appeal is warranted. *See Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 959, 962 (11th Cir. 2023) (noting that a district court's mere conclusion that the standard is met "alone offers sufficient reason to find the Rule 54(b) certification improper"); *Lex Tex Ltd. v. Unifi, Inc. (In re Yarn Processing Pat. Validity Litig.)*, 680 F.2d 1338, 1340 (11th Cir. 1982); *Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009).

Furthermore, our independent review reveals that the interests of equity and judicial administration do not favor an immediate appeal. *See Scott*, 84 F.4th at 959, 962; *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166-68 (11th Cir. 1997). The rare circumstances we have identified as warranting an immediate appeal under Rule 54(b) are not present here. *See Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022); *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369-70 (11th Cir. 1983); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722-23 (11th Cir. 2021). The parties do not identify any such circumstances and instead agree that an appeal under Rule 54(b) is not warranted.

4                          Opinion of the Court                    23-13763

Therefore, the October 17, 2023, order and associated judgment are not final or immediately appealable, and we thus lack jurisdiction over this appeal.  *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).